# Exhibit A

EFiled: Jun 27 2024 08:32PM EDT
Transaction ID 73506273
Case No. N24C-06-263 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FINANCIALRIGHT CLAIMS GMBH,

            Plaintiff,

   v.

BURFORD GERMAN FUNDING LLC,

          Defendant.

C.A. No. _____ [CCLD]

## COMPLAINT

Plaintiff financialright claims GmbH ("Plaintiff" or "FRC"), by and through its undersigned attorneys, brings this Complaint against Defendant Burford German Funding LLC ("BGF" or "Defendant") and states as follows:

## NATURE OF ACTION

1.    BGF fraudulently induced FRC into agreeing to an arbitration provision (the "Arbitration Agreement") in a litigation funding agreement, the Capital Provision Agreement dated April 25, 2017 (the "CPA"). FRC seeks a declaration that BGF defrauded FRC and that the Arbitration Agreement is therefore unenforceable.

2.    FRC is a plaintiff in certain antitrust litigations in Germany against members of a trucks cartel ("Trucks Litigations"). In the CPA, BGF agreed to fund the Trucks Litigations in exchange for a portion of FRC's recoveries in the cases. BGF also nominated the German branch of the international law firm Hausfeld,

Hausfeld Rechtsanwälte LLP (collectively, "Hausfeld"), to be FRC's counsel in the Trucks Litigations.

3.    FRC initially negotiated the CPA with Burford Capital LLC ("Burford") and knew about the relationship between Burford and BGF because, during the negotiations, Burford advised that it would have its affiliate, BGF, execute the CPA as FRC's counterparty.  But FRC did not know when it agreed to the CPA that Hausfeld was also a part owner of BGF through an entity called German Litigation Solutions LLC ("GLS") or that one of the lead German partners at Hausfeld responsible for the firm's representation of FRC had a personal stake. Given that BGF receives a share of FRC's recoveries in the Trucks Litigations under the CPA, and Hausfeld and its partners are part-owners of BGF, the CPA provides for a share of FRC's recoveries in the Trucks Litigations to flow to FRC's lawyers. This is a de facto contingency fee arrangement, and Hausfeld's participation is thus illegal under German law.

4.    The CPA includes the Arbitration Agreement.  FRC understood at the time it signed the CPA that the Arbitration Agreement would require FRC to arbitrate any claims against BGF, its counterparty.  FRC did not understand that the Arbitration Agreement would require FRC to arbitrate any other claims against any other parties, and certainly not any claims against GLS or Hausfeld, whose role in connection with BGF was concealed from FRC.

5.    To the contrary, around the same time as the parties negotiated the CPA, FRC engaged Hausfeld as its counsel and expressly agreed in its engagement letter ("Hausfeld Contract") that the exclusive forum for any claims under the Hausfeld Contract is Germany.  FRC thus reasonably expected that disputes with Hausfeld would be resolved through litigation in German courts.

6.    After FRC learned of Hausfeld's illegal contingency fee arrangement, it sued Hausfeld in a German court consistent with the Hausfeld Contract ("Hausfeld Litigation").  And it brought an application ("Application") under 28 U.S.C. § 1782 in the U.S. District Court for the District of Delaware ("1782 Proceeding"), seeking discovery from BGF, Burford and GLS for use in the Hausfeld Litigation.

7.    In the 1782 Proceeding, BGF, Burford and GLS have asserted that the entirety of FRC's Application—including FRC's discovery requests to Hausfeld's affiliate GLS, whose role in this scheme was concealed from FRC—is subject to mandatory arbitration under the CPA.  Given BGF's construction, there was plainly no meeting of the minds regarding the Arbitration Agreement because FRC was deceived by BGF's fraudulent concealment of GLS.

8.    FRC would never have agreed to an arbitration clause requiring it to arbitrate claims against Hausfeld, any partner of Hausfeld, any entity associated with Hausfeld or any of its partners, or any other non-parties to the CPA, or claims not

3

arising out of or in connection with the CPA. To the contrary, it agreed to a different dispute resolution provision vis-à-vis Hausfeld.

9.      As a direct result of BGF's fraud on FRC, FRC did agree to the Arbitration Agreement that—according to BGF—subsumes disputes between FRC and GLS. BGF omitted to disclose GLS's investment in BGF to FRC, and it omitted to disclose to FRC that BGF considered the Arbitration Agreement to apply to FRC's disputes with Hausfeld, Hausfeld partners, and Hausfeld affiliates such as GLS.

10.     Accordingly, FRC seeks a declaration that: (i) BGF fraudulently induced FRC into agreeing to the Arbitration Agreement and (ii) the Arbitration Agreement is invalid and unenforceable.

## PARTIES

11.     Plaintiff financialright claims GmbH is incorporated in Germany.

12.     Defendant Burford German Funding LLC is Delaware limited liability company. Its registered agent is Corporation Service Company.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction and venue pursuant to Art. IV § 7 of the Delaware Constitution as well as 10 Del. C. § 541. This matter is designated to be heard in the Complex Commercial Litigation Division (CCLD) because the amount in controversy exceeds $1 million.

4

14.     This Court has personal jurisdiction over BGF because it is a Delaware LLC.

15.     This Court has the power to declare the parties' rights and obligations under 10 Del. C. §§ 6501-6513.

## FACTUAL BACKGROUND

### A. The Trucks Litigations.

16.     On July 19, 2016, the European Commission announced a settlement decision against various truck manufacturers, in which it found that the manufacturers had illegally fixed prices of medium and heavy trucks across the European Economic Area between 1997 and 2011.  The settlement paved the way for purchasers of vehicles affected by the price fixing to bring claims in national courts, including in Germany.

17.     Thousands of truck purchasers subsequently assigned their claims to FRC, which initiated the Trucks Litigations on their behalf, in exchange for a portion of any potential recoveries.

### B. FRC and BGF Negotiate and Execute the CPA and BGF Directs FRC to Hire Hausfeld.

18.     In 2016, Sven Bode, FRC's founder and then-Managing Director, began discussions with Burford regarding Burford's potential funding of the Trucks Litigations.   Mr. Bode led the negotiations for FRC, while Bernd Pill led the

negotiations on Burford's behalf.  FRC was not represented by outside counsel during these negotiations.

19.     During these negotiations, Burford informed Mr. Bode that FRC's counterparty to the CPA would be BGF.  Mr. Bode was aware at that time that BGF was an affiliate of Burford, but did not know anything further as to the ownership structure of BGF.  Burford never suggested, and Mr. Bode had no reason to suspect, that BGF had other owners apart from Burford and its affiliates.

20.     Also during negotiations, Burford directed that, pursuant to the CPA, FRC must hire Hausfeld as its counsel for the Trucks Litigations.

21.     Before the CPA was executed, Hausfeld provided Mr. Bode with a draft engagement letter for the Trucks Litigations.  That draft included a dispute resolution clause requiring that any disputes be resolved exclusively through litigation in Germany.

22.     On April 25, 2017, FRC and BGF executed the CPA, pursuant to which BGF agreed to pay FRC's litigation expenses in exchange for which BGF would receive a portion of any recovery FRC obtained in the Trucks Litigations.  CPA §§ 2.1, 2.2.  The CPA also required FRC to seek BGF's consent to any change in counsel.  *Id.* § 5.3(a)(i).

23.     Section 27 of the CPA governs the resolution of disputes arising out of the CPA and includes the Arbitration Agreement:

> Any dispute, controversy or claim arising out of or in connection with this Agreement, including any question regarding its formation, existence, validity, interpretation, performance, breach or termination and any application for interim, preliminary, equitable or injunctive relief, shall (to the exclusion of any other forum) be referred to and finally resolved by arbitration under the Arbitration Rules of The London Court of International Arbitration (the **LCIA**"), which rules are deemed to be incorporated by reference into this Section.   Any attempt by the Counterparty to seek relief or remedies in any other forum shall constitute a breach of this Agreement and entitle the Capital Provider to damages, equitable relief and full indemnification against all costs and expenses incurred in connection therewith.  The Counterparty shall be obliged to post security for costs as directed by the arbitral tribunal ("**Tribunal**").

The Arbitration Agreement further provides that "[t[he seat, or legal place, of arbitration shall be London.  Proceedings shall occur at the locations agreed by the parties or directed by the Tribunal."

24.     During negotiations and at signing, Mr. Bode understood the Arbitration Agreement to require FRC to arbitrate claims against BGF arising under or in connection with the CPA.  He did not understand or intend the provision to require FRC to arbitrate claims it had against any other entity or person.

25.     On June 12, 2017, FRC signed the Hausfeld Contract with Hausfeld in connection with the Trucks Litigations, which (consistent with the pre-CPA draft) provides that the agreement is subject to German law and that Berlin is the exclusive place for all claims in connection with the agreement.  FRC certainly did not

understand or intend for the CPA's Arbitration Agreement to cover any dispute with Hausfeld or any of its partners or affiliates whose role in connection with the CPA was concealed from it, or have any reason to suspect that BGF considered otherwise.

### C. FRC Discovers That Hausfeld Circumvented German Law Prohibiting Contingency Fees And Files Suit In Germany.

26.    In late 2022, FRC learned that Hausfeld owns an interest in BGF through GLS,   and therefore would indirectly receive additional compensation through the CPA above and beyond its hourly fees for its representation of FRC in the Trucks Litigations.   FRC also learned that one of its lead German lawyers at Hausfeld responsible for the Trucks Litigations also had his own direct or indirect interest in BGF.

27.    German law prohibits attorneys from receiving contingency fees because of the risk of compromising an attorney's independence.   Nonetheless, Hausfeld's arrangement with Burford through BGF represented a de facto contingency fee arrangement, in clear violation of German law.

28.    On December 29, 2023, FRC filed a complaint (the "German Complaint") against Hausfeld in the Berlin Regional Court.  The German Complaint alleges that Hausfeld breached the *Bundesrechtsanwaltsordnung* (the German Federal Code for Lawyers, "BRAO") by maintaining an undisclosed interest in BGF (through GLS).    Under the BRAO, lawyers are prohibited from entering arrangements for contingency fee compensation and FRC is entitled to, *inter alia*,

8

restitution of any proceeds Hausfeld obtained, or obtains in the future, as a result of the illegal arrangement.

29.     Also on December 29, 2023, FRC filed its Application in the 1782 Proceeding, seeking discovery in support of its claims in the Hausfeld Litigation.

### D. BGF, Burford and GLS Assert That the Arbitration Agreement Has Sweeping Scope.

30.     On May 31, 2024, BGF, Burford, and GLS filed a Motion to Compel Arbitration and to Stay Further Proceedings Pending Arbitration ("Arbitration Motion") in the 1782 Proceeding.  They claim the Arbitration Agreement requires arbitration of FRC's entire Application, including as it relates to Burford and GLS, non-parties to the CPA.

31.     Had BGF not concealed from FRC that Hausfeld's affiliate GLS (and one of its lead German lawyers, personally) was an investor in BGF and thus the CPA, FRC would never have agreed to the Arbitration Agreement.  This is especially true given that BGF asserts the CPA's Arbitration Agreement extends to its investors, including concealed investors like Hausfeld's affiliate.

32.     Thus, only through its deception of FRC did BGF induce FRC to agree to the Arbitration Agreement.

## <u>COUNT I</u>
### (Declaratory Judgment)

33.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the paragraphs above.

34.     Plaintiff is entitled under 10 *Del. C.* 6501 *et seq.* to a declaration having the force and effect of a final judgment or decree.

35.     An actual and justiciable controversy exists between Plaintiff and Defendant as to their respective rights and obligations concerning the Arbitration Agreement.

36.     Plaintiff seeks a judicial determination to resolve a present justiciable controversy among the parties regarding the validity and enforceability of the Arbitration Clause.

37.     Plaintiff is entitled to a judicial declaration by the Court that BGF fraudulently induced FRC to agree to the Arbitration Agreement and, therefore, the Arbitration Agreement is invalid and unenforceable.

38.     BGF omitted a material fact, namely GLS's investment in BGF, when negotiating the Arbitration Agreement with FRC.  BGF was surely aware of GLS's investment in it, and that FRC was unaware of this fact.

39.     Moreover, FRC had no other way of learning this material fact other than from BGF.  Therefore, FRC relied on BGF's omission in agreeing to arbitrate.

40.     FRC would not have agreed to the Arbitration Agreement had it known of GLS's involvement in BGF.  As such, BGF's conduct constitutes fraud.

41.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order and Final Judgment:

A.     Declaring that: (i) BGF fraudulently induced FRC into agreeing to the Arbitration Agreement; and (ii) as a result of BGF's fraud, the Arbitration Agreement is invalid and unenforceable.

B.     Awarding Plaintiff its reasonable fees, costs, expenses, and disbursements, including eligible attorney's fees associated with this litigation; and

C.     Granting Plaintiff such other and further relief as the Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Jeffrey A. Rosenthal
Lina Bensman
Patrick Swiber
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006

By: _/s/ Jacqueline A. Rogers_____
     Matthew E. Fischer (No. 3092)
     Jacqueline A. Rogers (No. 5793)
     Charles R. Hallinan (No. 6814)
     Hercules Plaza, 6th Floor
     1313 North Market Street
     P.O. Box 951
     Wilmington, DE 19899
     (302) 984-6000
     mfischer@potteranderson.com
     jrogers@potteranderson.com
     challinan@pottteranderson.com

 Dated:  June 27, 2024

*Attorneys for Plaintiff financialright claims GmbH*

12

# Exhibit B

EFiled:  Jun 27 2024 08:32PM EDT
Transaction ID 73506273
Case No. N24C-06-263 SKR CCLD

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

COUNTY:  __N__   K   S          CIVIL ACTION NUMBER:_____

| | |
|---|---|
| Caption:<br><br>FINANCIALRIGHT CLAIMS GMBH,<br><br>Plaintiff,<br><br>v.<br><br>BURFORD GERMAN FUNDING LLC,<br><br>Defendant. | Civil Case Code:  __CCLD_____<br><br>Civil Case Type:  _Complex Commercial Litigation_<br>_____<br>(SEE REVERSE SIDE FOR CODE AND TYPE)<br><br>MANDATORY NON-BINDING ARBITRATION  (MNA) _____<br><br>Name and Status of Party filing document:<br>financialright claims GmbH, Plaintiff<br><br>Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint<br><br>JURY DEMAND:   _NO_____ |
| ATTORNEY NAME(S):<br>Matthew E. Fischer (No. 3092)<br>Jacqueline A. Rogers (No. 5793)<br>Charles R. Hallinan (No. 6814)<br>_____<br><br>_____<br>FIRM NAME:<br> Potter Anderson & Corroon LLP<br>ADDRESS: 1313 North Market Street, Floor 6<br>Wilmington, DE 19801<br><br>_____<br>TELEPHONE NUMBER:302 984-6000<br>FAX NUMBER: 302-685-1192<br>_____<br>E-MAIL ADDRESS: mfischer@potteranderson.com<br>        jrogers@potteranderson.com<br>        challinan@potteranderson.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY<br>RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST<br>TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:<br>_____<br><br>_____<br>EXPLAIN THE RELATIONSHIP(S):<br><br>_____<br><br>_____<br><br>_____<br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>_____<br><br>_____<br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS) INSTRUCTIONS

**CIVIL CASE TYPE**

Please select the appropriate civil case code and case type (e.g., **CODE - AADM** and **TYPE - Administrative Agency**) from the list below. Enter this information in the designated spaces on the Case Information Statement.

**APPEALS**
AADM - Administrative Agency
ACER - Certiorari
ACCP - Court of Common Pleas
AIAB - Industrial Accident Board
APSC - Public Service Commission
AUIB - Unemployment Insurance Appeal Board

**COMPLAINTS**
CABT – Abatement
CASB – Asbestos
CAAA - Auto Arb Appeal
CMIS - Civil Miscellaneous
CACT - Class Action
CCON – Condemnation
CCLD – Complex Commercial Litigation Division **(NCC ONLY)**
CDBT - Debt/Breach of Contract
CDEJ - Declaratory Judgment
CDEF - Defamation
CEJM - Ejectment
CATT - Foreign & Domestic Attachment
CFJG - Foreign Judgment
CFRD - Fraud Enforcement
CINT - Interpleader
CLEM - Lemon Law
CLIB - Libel
CMAL - Malpractice
CMED - Medical Malpractice
CPIN - Personal Injury
CPIA - Personal Injury Auto
CPRL - Products Liability
CPRD - Property Damage
CRPV - Replevin
CSPD - Summary Proceedings Dispute
CCCP - Transfer from CCP
CCHA - Transfer from Chancery

**MASS TORT**
CABI - Abilify Cases
CBEN - Benzene Cases
CFAR - Farxiga Cases
CFIB – FiberCel Cases
CHON - Honeywell Cases
CMON - Monsanto Cases
CPEL - Pelvic Mesh Cases
CPLX - Plavix Cases
CPPI - PPI Cases
CTAL - Talc Cases
CTAX - Taxotere Cases
CXAR - Xarelto Cases
CZAN – Zantac Cases

**INVOLUNTARY COMMITMENTS**
INVC- Involuntary Commitment

**MISCELLANEOUS**
MAGM - AG Motion - Civil/Criminal Investigations *
MADB - Appeal from Disability Board *
MAFF - Application for Forfeiture
MAAT - Appointment of Attorney
MGAR - Appointment of Guardianship
MCED - Cease and Desist Order
MCON - Civil Contempt/Capias
MCVP - Civil Penalty
MSOJ - Compel Satisfaction of Judgment
MSAM - Compel Satisfaction of Mortgage
MCTO - Consent Order
MIND - Destruction of Indicia of Arrest *
MESP - Excess Sheriff Proceeds
MHAC - Habeas Corpus
MTOX - Hazardous Substance Cleanup
MFOR - Intercept of Forfeited Money
MISS - Issuance of Subpoena
MLEX - Lien Extension
MMAN - Mandamus
MWIT - Material Witness *
MWOT - Material Witness - Out of State
MRAT - Motion for Risk Assessment
MROP - Petition for Return of Property
MCRO - Petition Requesting Order
MROD - Road Resolution
MSEL - Sell Real Estate for Property Tax
MSEM - Set Aside Satisfaction of Mortgage
MSSS - Set Aside Sheriff's Sale
MSET - Structured Settlement
MTAX - Tax Ditches
MREF - Tax Intercept
MLAG - Tax  Lagoons
MVAC - Vacate Public Road
MPOS - Writ of Possession
MPRO - Writ of Prohibition

**MORTGAGES**
MCOM - Mortgage Commercial
MMED - Mortgage Mediation
MORT - Mortgage Non-Mediation (Res.)

**MECHANICS LIENS**
LIEN - Mechanics Lien

## * Not eFiled

**DUTY OF THE PLAINTIFF**

Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the complaint.

**DUTY OF THE DEFENDANT**

Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

Revised 10/2022

# Exhibit C

EFiled:  Jun 27 2024 08:32PM EDT
Transaction ID 73506273
Case No. N24C-06-263 SKR CCLD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

FINANCIALRIGHT CLAIMS GMBH,

            Plaintiff,

     v.

BURFORD GERMAN FUNDING LLC,

        Defendant.

C.A. No. _____ [CCLD]

## **PRAECIPE**

**TO:**   Prothonotary
       Superior Court of the State of Delaware
       Leonard L. Williams Justice Center
       500 North King Street
       Wilmington, DE  19801

       **PLEASE ISSUE** summons to the below named Defendant for service by the

Sheriff of New Castle County by serving a copy of the Summons and Complaint for

the Defendant on its registered agent.

       Burford German Funding LLC
       c/o Corporation Service Company
       251 Little Falls Drive
       Wilmington, Delaware 19808

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Jeffrey A. Rosenthal
Lina Bensman
Patrick Swiber
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006

By:  */s/ Jacqueline A. Rogers*
    Matthew E. Fischer (No. 3092)
    Jacqueline A. Rogers (No. 5793)
    Charles R. Hallinan (No. 6814)
    Hercules Plaza, Sixth Floor
    1313 North Market Street
    Wilmington, Delaware 19801
    Telephone: (302) 984-6000
    mfischer@potteranderson.com
    jrogers@potteranderson.com
    challinan@pottteranderson.com

Dated:  June 27, 2024

*Attorneys for Plaintiff financialright claims GmbH*

2

# Exhibit D

EFiled:  Jun 27 2024 08:32PM EDT
Transaction ID 73506273
Case No. N24C-06-263 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FINANCIALRIGHT CLAIMS GMBH,

               Plaintiff,

    v.

BURFORD GERMAN FUNDING LLC,

          Defendant.

C.A. No. _____ [CCLD]

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**

**YOU ARE COMMANDED:**

    1.    To summon the below-named Defendant so that, within twenty (20) days after service hereof upon Defendant, exclusive of the day of service, Defendant shall serve upon Matthew E. Fischer, Plaintiff's attorney, whose address is c/o Potter Anderson & Corroon LLP, Hercules Plaza, Sixth Floor, 1313 North Market Street, Wilmington, DE 19801, an answer to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense).

    2.    To serve upon the below-named Defendant a copy hereof and of the Complaint (and of the Affidavit of Demand if any has been filed by Plaintiff).

Dated: June ___, 2024

*COLLEEN REDMOND*_____
Prothonotary

_____
Per Deputy

Burford German Funding LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within twenty (20) days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an answer to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the Affidavit of Demand, if any).

*COLLEEN REDMOND*_____
Prothonotary

_____
Per Deputy

# Exhibit E



EFiled:  Jul 08 2024 12:20PM EDT
Transaction ID 73565227
Case No. N24C-06-263 SKR CCLD

**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle Cour
**Scott T. Phillips**
Sheriff

7/8/2024

**Court Case # N24C-06-263 SKR CCLD**
Sheriff # 24-004177

Summons and Complaint

## FINANCIALRIGHT CLAIMS GMBH
### vs
### BURFORD GERMAN FUNDING LLC

Entity - BURFORD GERMAN FUNDING LLC

On 7/3/2024 at 11:55 AM a copy of the within writ together with a copy of the Summons and Complaint were served upon Litigation Management Representative, a representative for the registered agent CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808 .

Fees Paid:  $40.00

Per:  Deputy Sheriff, Jeffrey Maddocks

SO ANS;

SHERIFF

PER   Michelle Dunham

# Exhibit F

EFiled: Jul 15 2024 11:30AM EDT
Transaction ID 73659338
Case No. N24C-06-263 SKR CCLD 2-24

EFiled: Jun 27 2024 08:32PM EDT
Transaction ID 73506273
Case No. N24C-06-263 SKR

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FINANCIALRIGHT CLAIMS GMBH,

        Plaintiff,

     v.

BURFORD GERMAN FUNDING LLC,

        Defendant.

C.A. No. _____ [CCLD]

## PRAECIPE

**TO:**  Prothonotary
      Superior Court of the State of Delaware
      Leonard L. Williams Justice Center
      500 North King Street
      Wilmington, DE  19801

      **PLEASE ISSUE** summons to the below named Defendant for service by the

Sheriff of New Castle County by serving a copy of the Summons and Complaint for

the Defendant on its registered agent.

      Burford German Funding LLC
      c/o Corporation Service Company
      251 Little Falls Drive
      Wilmington, Delaware 19808



(1) WRIT ISSUED
DATE: 7-1-24
NCC
CHECK NO.: 23048
AMT: 40.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Jeffrey A. Rosenthal
Lina Bensman
Patrick Swiber
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006

By: */s/ Jacqueline A. Rogers*
    Matthew E. Fischer (No. 3092)
    Jacqueline A. Rogers (No. 5793)
    Charles R. Hallinan (No. 6814)
    Hercules Plaza, Sixth Floor
    1313 North Market Street
    Wilmington, Delaware 19801
    Telephone: (302) 984-6000
    mfischer@potteranderson.com
    jrogers@potteranderson.com
    challinan@pottteranderson.com

Dated:  June 27, 2024

*Attorneys for Plaintiff financialright claims GmbH*

2

# Exhibit G

EFiled: Jul 19 2024 09:52AM EDT
Transaction ID 73725353
Case No. N24C-06-263 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FINANCIALRIGHT CLAIMS GMBH,

        Plaintiff,

  v.

BURFORD GERMAN FUNDING LLC,

        Defendant.

C.A. No. N24C-06-263 SKR CCLD

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Plaintiff financialright claims GmbH ("Plaintiff" or "FRC"), by and through its undersigned attorneys, hereby submits its Opposition to Defendant Burford German Funding LLC's ("BGF" or "Defendant") Motion to Extend Time to Respond to Plaintiff's Complaint (the "Motion") and states as follows:

1.    Ordinarily, FRC and its counsel would consent without hesitation to a two-week extension to respond to a complaint. But BGF's request is for an ulterior purpose, as its counsel's response to FRC's extension offer confirms. Instead of seeking more time to prepare its response, BGF is, in fact, seeking time to take actions abroad to effectuate an end-run around this Court's jurisdiction and derail this case from ever proceeding. Accordingly, for the reasons set forth below, FRC respectfully suggests that the request should be denied.

2.      As described in FRC's Complaint, BGF provided litigation funding for antitrust cases in Germany in which FRC is a plaintiff.  *See* Compl. ¶ 2.  The funding agreement between BGF and FRC (the "CPA") includes an arbitration clause.  *Id.* ¶ 4.  FRC's Complaint here seeks a declaration that the CPA's arbitration clause is invalid and unenforceable because it was procured by BGF defrauding FRC.  *Id.* ¶¶ 33-41.  Under sound precedent, this question is an issue for the Court to decide, not an arbitrator.[1]

3.      FRC filed its Complaint on June 27, 2024, more than three weeks ago, and upon information and belief, BGF and its team of lawyers have had access to the Complaint since then.[2]  On July 3, 2024, the Complaint was served on BGF's registered agent.  Dkt. 2.  BGF then waited two more weeks before asking FRC for an extension until August 30 to respond to the Complaint—over two months after BGF's counsel first learned of the Complaint.  Ex. A.  During this time, as discussed below, BGF was working to circumvent this Court's jurisdiction.

---

[1] This makes perfect sense given that but for BGF's fraud, there would be no arbitration agreement in the first place.

[2] For one, FRC's counsel notified BGF's counsel immediately after the Complaint was filed and requested that BGF's counsel accept service of the Complaint.  Ex. B. BGF's counsel never responded to this request and thus was duly served on July 3, 2024.  The Complaint was also publicized—and published—by the media.

4.     BGF unquestionably does not need more time to draft a response because it has stated it intends to move to dismiss on the same grounds that it has already presented and briefed on July 15 in a District of Delaware action involving the same parties.  *See* Ex. C at 2 ("BGF intends to respond to FRC's complaint in Delaware state court by filing a motion to dismiss in light of the arbitration agreement and delegation clause (an equivalent motion to compel arbitration has already been filed by BGF in the §1782 proceedings in federal court).").  This directly contradicts BGF's claim to this Court in paragraph 8 of the Motion that "[c]ounsel needs the additional time to evaluate Plaintiff's Complaint and consider how to respond (by motion, answer, or otherwise)."

5.     The real reason BGF wants more time is to pursue injunctive relief in the Commercial Court in London ("English Court") to prevent this Court from considering FRC's allegations regardless of how meritorious those allegations may be and regardless of whether this Court concludes—as it should, based upon United States Supreme Court and other precedent—that it is the proper forum to adjudicate the allegations in the Complaint.  Fearing the result if this Court considers the merits of the issue of whether FRC's claims must be resolved in arbitration, BGF has asked an English Court to enter an anti-suit injunction against this proceeding.  *See* Ex. D at 3 (BGF's proposed order to English Court, requesting injunction that FRC "shall

not pursue, continue, prosecute, or take any further steps in, or procure or assist in the pursuit of, [this action] . . . .").

6.      The anti-suit injunction BGF has requested from the English Court to force the fraudulent inducement issue into arbitration (essentially, the relief BGF would obtain if it prevailed in this Court) is an affront to this Court's jurisdiction. The CPA is governed by New York—not English—law, and both New York and federal law provide that when a challenge is made to an arbitration clause based upon a claim of fraud in the inducement, the Court (not an arbitrator) must decide that challenge.  *See, e.g.*, *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 229 (3d Cir. 2012) (applying *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)).  As BGF is a Delaware citizen, this Court undeniably has jurisdiction to resolve this dispute.

7.      BGF  is, of course, free to disagree and attempt to persuade this Court to reject FRC's arguments on the merits.  It is likewise free to argue that this Court should dismiss FRC's claims on the basis that they are subject to mandatory arbitration notwithstanding FRC's fraud allegations.  But BGF presumably believes that this Court will reject its arguments, and thus it has asked an English court to step in and prevent this Court from even considering FRC's claims.  BGF's request flies in the face of U.S. law.

8.     On July 18, 2024, FRC informed BGF that it is willing to consent to BGF's requested extension on one simple condition:  that BGF not seek to alter the status quo in the interim in order to take action—either in the English Court or by pursuing an arbitration under the very arbitration clause FRC is challenging here— to thwart these issues from being presented to this Court.  BGF refused that condition and instead proposed an unconditional two-week extension, indicating that it in fact seeks to buy time to pursue an ancillary proceeding to wrest BGF's claim from this.

9.     BGF has failed to meet its burden of showing good cause for extending the time it has to respond to FRC's Complaint.  Super. Ct. R. 6(b).  Further, Plaintiff would suffer undue prejudice if the Court grants BGF's request, because such an extension would give BGF an opportunity to circumvent the relief that FRC seeks in this action.  Therefore, Plaintiff respectfully requests that the Court deny BGF's request for an extension or, alternatively, order an extension along with a directive prohibiting Defendant from seeking to alter the status quo until it responds to the Complaint by taking any action, including without limitation commencing or pursuing any proceeding in the English Court or in arbitration.

OF COUNSEL

Jeffrey A. Rosenthal
Lina Bensman
Patrick Swiber
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006

Dated:  July 18, 2024

POTTER ANDERSON & CORROON
LLP

By: _/s/ Jacqueline R. Rogers_____
    Matthew E. Fischer (No. 3092)
    Jacqueline A. Rogers (No. 5793)
    Charles R. Hallinan (No. 6814)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    mfischer@potteranderson.com
    jrogers@potteranderson.com
    challinan@pottteranderson.com

*Attorneys for Plaintiff financialright claims GmbH*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of July, 2024, a copy of the foregoing

*Opposition* was served via electronic mail upon the following attorneys of record:

Elena C. Norman, Esq.
Anne Shea Gaza, Esq.
Samantha G. Wilson, Esq.
Kevin P. Rickert, Esq.
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801


*/s/ Charles R.Hallinan*
Charles R. Hallinan (#6814)

7

# Exhibit H

EFiled:  Jul 19 2024 09:52AM EDT
Transaction ID 73725353
Case No. N24C-06-263 SKR CCLD

# EXHIBIT A

**Hallinan, Charles R.**

| | |
|---|---|
| **From:** | Rogers, Jacqueline A. |
| **Sent:** | Thursday, July 18, 2024 9:14 AM |
| **To:** | Rickert, Kevin P.; Fischer, Matthew E.; Hallinan, Charles R. |
| **Cc:** | Norman, Elena; Gaza, Anne Shea; Wilson, Samantha |
| **Subject:** | RE: financialright claims v. Burford German Funding, C.A. No. N24C-06-26 |

Kevin,

Given that this case was filed on June 27, we immediately notified your firm (and your co-counsel) and asked if you would accept service (which was ignored), and you presumably pulled the complaint from the docket at that time, we do not understand the need for an extension past the July 23 due date.   Your proposal of August 30 would be more than two months after you had the complaint, even if you did not receive "notice of service" of the complaint you already had for two weeks thereafter for whatever significance that holds (and which is the fault of your own agent).

That said, FRC is amenable to an extension until August 12, which is 46 days after you were notified of the complaint (and presumably obtained a copy).  However, we condition that extension on BGF not taking any action until after it responds to the complaint that would defeat, undermine or moot the relief that FRC seeks in the complaint.  This would include any effort to obtain an anti-suit injunction in England or commence any arbitration that is the very subject of the complaint itself.  We are unwilling to give BGF an extension merely so that BGF may take actions elsewhere either to prevent this lawsuit from proceeding or which this lawsuit pleads may not be taken.

If this is acceptable, please revise your stipulation accordingly.  If not, we request that you include this as a statement of FRC's position in any application you file.

Best,
Jacqueline



**Jacqueline A. Rogers** | Partner
*she / her / hers*

Potter Anderson & Corroon LLP  | 1313 N. Market Street, 6th Floor  | Wilmington, DE 19801-6108
Office +1 302.984.6216
jrogers@potteranderson.com | potteranderson.com

**From:** Rickert, Kevin P. <KRickert@ycst.com>
**Sent:** Wednesday, July 17, 2024 4:06 PM
**To:** Fischer, Matthew E. <mfischer@potteranderson.com>; Rogers, Jacqueline A. <jrogers@potteranderson.com>; challinan@potteranderson.com
**Cc:** Norman, Elena <enorman@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** [EXT] financialright claims v. Burford German Funding, C.A. No. N24C-06-26

<div style="background-color:red; color:white; text-align:center;">

** This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. **

</div>

Matthew,

We have been retained to represent Burford German Funding LLC in *financialright claims v. Burford German Funding LLC*, N24C-06-263 SKR CCLD. Though we now see that the sheriff delivered the complaint to Corporation Service Company on July 3, 2024, we did not receive notice of service until the writ was accepted on the docket on July 12, 2024. Would you be willing to permit us the courtesy of an extension of the deadline to respond to the complaint to August 30, 2024? If so, please let us know if we may add your signature to the attached stipulation.

Thanks,
Kevin



**Kevin P. Rickert, Associate**
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P:  302.571.6743
KRickert@ycst.com | www.youngconaway.com | vCard

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

# EXHIBIT B

## Hallinan, Charles R.

| | |
|---|---|
| **From:** | Hallinan, Charles R. |
| **Sent:** | Thursday, June 27, 2024 10:24 PM |
| **To:** | epboyle@venable.com; amcunneen@venable.com; dho@kellogghansen.com; tedwards@kellogghansen.com; dgraber@kellogghansen.com; enorman@ycst.com; agaza@ycst.com; swilson@ycst.com; dmackrides@ycst.com; dfanelli@ycst.com |
| **Cc:** | Palapura, Bindu A.; Rogers, Jacqueline A.; Marco, Emily M.; Rosenthal, Jeffrey A.; lbensman@cgsh.com; Swiber, Patrick; Baldwin, William; Manghi, Maria E.; nmaisel@cgsh.com |
| **Subject:** | RE: In re Application of financialright claims GmbH, C.A. No. 23-1481-CFC |

Counsel,

As referenced in FRC's Opposition to Respondents' Motion to Compel Arbitration and to Stay Further Proceedings Pending Arbitration, FRC filed a complaint in the Delaware Superior Court earlier today. Please let us know if you will accept service of the complaint on behalf of Burford German Funding LLC. FRC reserves all rights.

Thanks,
Charlie

---

**From:** Dow, Ashley A. <adow@potteranderson.com>
**Sent:** Thursday, June 27, 2024 10:17 PM
**To:** epboyle@venable.com; amcunneen@venable.com; dho@kellogghansen.com; tedwards@kellogghansen.com; dgraber@kellogghansen.com; enorman@ycst.com; agaza@ycst.com; swilson@ycst.com; dmackrides@ycst.com; dfanelli@ycst.com
**Cc:** Palapura, Bindu A. <bpalapura@potteranderson.com>; Rogers, Jacqueline A. <jrogers@potteranderson.com>; Marco, Emily M. <emarco@potteranderson.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>; lbensman@cgsh.com; Swiber, Patrick <pswiber@cgsh.com>; Baldwin, William <wbaldwin@cgsh.com>; Manghi, Maria E. <mmanghi@cgsh.com>; nmaisel@cgsh.com; Hallinan, Charles R. <challinan@potteranderson.com>
**Subject:** In re Application of financialright claims GmbH, C.A. No. 23-1481-CFC

Counsel,

Attached please find as-filed copies of FRC'S Opposition to Respondents' Motion to Compel Arbitration and to Stay Further Proceedings Pending Arbitration and the Declaration of Sven Bode with Exhibit A in support thereof.


Sincerely,



**Ashley A. Dow** │ Legal Administrative Assistant
*she / her / hers*

Potter Anderson & Corroon LLP │ 1313 N. Market Street, 6th Floor │ Wilmington, DE 19801-6108
Office +1 302.984.6139
adow@potteranderson.com │ potteranderson.com

# EXHIBIT C

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
————
(202) 326-7900
FACSIMILE:
(202) 326-7999

July 15, 2024

*Via Electronic Mail*

Jeffrey A. Rosenthal
Lina Bensman
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006-1470

      Re:    *In re Application of financialright claims GmbH*, No. 23-cv-1481 (D. Del.)

Dear Jeff and Lina:

      On July 13, 2024, Burford German Funding ("BGF") filed an application for an anti-suit injunction in the Commercial Court in London (the "English Court") against financialright claims GmbH ("FRC") as a result of FRC's breaches of the arbitration agreement contained in Section 27 of the CPA by litigating disputes that fall within the arbitration agreement in the Superior Court of the State of Delaware and the United States District Court for the District of Delaware.  We have enclosed a copy of BGF's requested order from the English Court.  BGF invites FRC to give undertakings to the English Court to comply with the terms of BGF's requested order, so as to avoid the time and cost of progressing to a hearing of this matter in the English Court.  Please also let us know if you will accept service of documents in the English court action on behalf of FRC via email, at the same addresses to which this letter was sent.

      We remind you that pursuant to the arbitration agreement, FRC agreed that "[a]ny dispute, controversy or claim arising out of or in connection with" the CPA "shall (to the exclusion of any other forum) be referred to and finally resolved by arbitration" under the LCIA Rules (London seat).  We also remind you that Section 27 specifically delegates to the arbitral tribunal the sole authority to decide issues of its own jurisdiction and the arbitrability of any dispute, including the validity and enforceability of the arbitration agreement.

      Accordingly, FRC's attempts to challenge the validity of the arbitration agreement in Delaware state and federal courts on the basis that the arbitration agreement (and indeed the CPA) were induced by fraud ("the Inducement Allegation"), which we emphatically deny, are matters to be determined by arbitration in London.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jeffrey A. Rosenthal
Lina Bensman
July 15, 2024
Page 2

BGF intends to respond to FRC's complaint in Delaware state court by filing a motion to dismiss in light of the arbitration agreement and delegation clause (an equivalent motion to compel arbitration has already been filed by BGF in the §1782 proceedings in federal court).

In the event that you do not agree to give the requested undertakings to comply with the terms of BGF's requested order enclosed (that is the subject of BGF's application for anti-suit injunctive relief), we invite you to confirm by close of business on Wednesday, July 17, that until BGF's application for anti-suit injunctive relief is heard and determined:

1. FRC will take no steps to pursue further the Inducement Allegation in either the Delaware state court action or the § 1782 proceedings.

2. In particular, but without limitation, FRC will not seek to pursue discovery requests with respect to its claims in Delaware state court.

3. FRC will take no steps to have BGF's motion to compel arbitration (in the § 1782 proceedings) and the intended motion to dismiss (in the Delaware state court action) joined to any of FRC's substantive claims for relief in those actions, or otherwise seek to have the Inducement Allegation (or any similar allegation) determined by the court in the context of either of those motions.

We also remind you that the CPA imposes a duty on FRC not to "disclose . . . to any person . . . other than its Representatives . . . any Confidential Information," which is broadly defined to include *inter alia* the CPA, "[its] terms and existence, the existence of any relationship between [FRC] and [BGF] or any of its Affiliates or Representatives, and the discussions and negotiations related thereto." CPA § 8.2. FRC agreed to not "knowingly disclose any Confidential Information . . . to . . . any . . . adversary" and to "treat [Confidential Information] in a manner that does not substantially increase the likelihood that any of [adversaries] shall come into possession of it." *Id.* The CPA also provides that any attempt to "disaffirm[], disclaim[], repudiate[] or reject[] in writing, in whole or in part, or challenge[] the validity" of the CPA constitutes a material breach. *Id.* § 12.3. The CPA further obligates FRC to "not do anything to prejudice any benefits, rights or causes of action sought or advanced in connection with, or the general pursuit of" the Trucks Litigation. *Id.* § 5.3(a)(vii).

BGF's position is that the Delaware state court action and the § 1782 proceedings violate these provisions. This matter will be addressed in arbitral proceedings that BGF will shortly be initiating. In the interim, we request that you confirm your commitment going forward to comply with the confidentiality provisions of the CPA and that accordingly:

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Jeffrey A. Rosenthal
Lina Bensman
July 15, 2024
Page 3

1. FRC will refrain from disclosing any Confidential Information, including through any further public filings (as opposed to sealed filings) and/or communications with the press.

2. FRC will not seek to disclose the contents of BGF's anti-suit filing before the English Court (including the supporting evidence), including in any other proceedings and/or communications with the press, save with the express permission of the English Court (with any application for permission to be made on notice to BGF). We remind you that the anti-suit filing is private and you are not entitled to disclose the contents of that filing, including in any other proceedings. We refer you, in particular, to the English Civil Procedure Rules, rule 32.12.

BGF reserves all rights as to FRC's prior breaches of the CPA.

Sincerely,

Derek T. Ho

# EXHIBIT D

**IN THE HIGH COURT OF JUSTICE**                                    **CL-[          ]**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**COMMERCIAL COURT (KBD)**

**Before: [ ]**

**B E T W E E N :**

**BURFORD GERMAN FUNDING LLC**                    <u>**Claimant**</u>

- and -

**FINANCIALRIGHT CLAIMS GMBH**                    <u>**Defendant**</u>

_____

*draft/* **ORDER**

_____

<u>**PENAL NOTICE**</u>

**If you, FINANCIALRIGHT CLAIMS GMBH, disobey this order, you may be held to be in contempt of court and punished by a fine, imprisonment, confiscation of assets or other punishment under the law.**

**If any director or officer of FINANCIALRIGHT CLAIMS GMBH disobeys this order, that person may be held in contempt of court and punished by a fine, imprisonment, confiscation of assets or other punishment under the law.**

**Any other person who knows of this order and does anything which helps or permits FINANCIALRIGHT CLAIMS GMBH to breach the terms of this order may be held to be in contempt of court and punished by a fine, imprisonment, confiscation of assets or other punishment under the law.**

**UPON** the Claimant and the Defendant entering into a Capital Provision Agreement dated 25 April 2017 (the **CPA**) and agreeing pursuant to Clause 27 of the CPA to refer any dispute, controversy or claim arising out of or in connection with the CPA to arbitration under the rules of the London Court of International Arbitration, seated in London (the **Arbitration Agreement**)

**AND UPON** the Defendant commencing proceedings (*i*) on 27 June 2024, by a complaint filed against the Claimant in the Superior Court of the State of Delaware (Case No. N24C-06-263 SKR CCLD: the **State Court Proceedings**), contending (*inter alia*) that the Arbitration Agreement is invalid and unenforceable by reason of an alleged fraudulent inducement (the **Inducement Allegation**); and (*ii*) on 29 December 2023 in the US District Court for the District of Delaware, seeking discovery from the Claimant and two other entities pursuant to section 1782 of the United States Code (Case No. 23-1481-CFC: the **1782 Proceedings**)

**AND UPON** the Claimant filing a motion on 31 May 2024 in the 1782 Proceedings (the **Arbitration Motion**), seeking an order to compel the Defendant to pursue the 1782 Proceedings in arbitration, in accordance with the Arbitration Agreement

**AND UPON** the Defendant filing its opposition to the Arbitration Motion on 27 June 2024, advancing (*inter alia*) the Inducement Allegation

**AND UPON** the Claimant seeking (*inter alia*) anti-suit relief by an Arbitration Claim Form issued on 13 July 2024

**AND UPON** the Claimant's application dated 13 July 2024, for an interim anti-suit injunction, pursuant to s. 37(1) of the Senior Courts Act 1987 and/or CPR 25.1 and/or the inherent jurisdiction of the Court (the **ASI Application**)

**AND UPON** the Claimant giving and the Court accepting the Claimant's undertakings set out in Schedule A to this Order

**AND UPON** hearing Leading Counsel for the Claimant and Leading Counsel for the Defendant

**IT IS ORDERED THAT**:

**Anti-Suit Injunction**

1.      Until further order of the Court or any arbitral tribunal constituted pursuant to the Arbitration Agreement:

    1.1.      the Defendant shall not pursue, continue, prosecute, or take any further steps in, or procure or assist in the pursuit of, the State Court Proceedings (save that the Defendant is permitted to discontinue and/or procure the dismissal of the State Court Proceedings);

    1.2.      the Defendant shall not advance or pursue, or procure or assist in the pursuit of, the Inducement Allegation, and/or any relief or remedy on the basis of the Inducement Allegation, in the 1782 Proceedings or in any other court or tribunal, wherever situated, save by way of arbitration in London in accordance with Clause 27 of the CPA; and

    1.3.      the Defendant shall not seek, issue, advance, commence, pursue, continue, maintain, assist or take any steps in any other or further proceedings in any court or tribunal, wherever situated, relating to any dispute, controversy or claim arising out of or in connection with the CPA (including without limitation any question regarding its formation, existence, validity, interpretation, performance, breach or termination), save by way of arbitration in London in accordance with Clause 27 of the CPA.

**Service**

2.      The Claimant is permitted to serve this Order on the Defendant out of the jurisdiction, by email and/or courier, as follows:

    2.1.      **Radek Šnábl**, Managing Director of the Defendant

        Financialright claims GmbH

        Behringstraße 28a

        22765 Hamburg

        Germany

radek.snabl@financialright.com

    2.2.   **Jeffrey A. Rosenthal**, Defendant's Counsel in the U.S. proceedings

Cleary Gottlieb Steen and Hamilton LLP

One Liberty Plaza

New York, NY, 10006

United States of America

jrosenthal@cgsh.com

    2.3.   **Jacqueline A. Rogers**, Defendant's Counsel in the U.S. proceedings

Potter Anderson & Corroon LLP

Hercules Plaza, 6th Floor

1313 North Market Street

P.O. Box 951

Wilmington, DE 19899

jrogers@potteranderson.com

3.     A document shall be deemed served on the date and at the time it is sent by email to one or more of the email addresses listed above.

4.     Personal service of this Order shall be dispensed with for the purposes of enforcement, including by way of any contempt proceedings against the Defendant (whether under CPR Part 81 or otherwise).

**<u>Interpretation of this Order</u>**

5.     A Defendant which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees, agents, legal representatives or through any other legal or natural person, or in any other way. The Defendant must not do it through others acting on its behalf or on its instructions or with its encouragement.

**Parties other than the Claimant and Defendant**

6.      It is a contempt of Court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined or have their assets seized.

**Other matters**

7.      The Claimant is permitted to rely on the evidence of New York and Delaware law and procedure set out in the First Witness Statement of Eliana Margo Pfeffer.

8.      The Defendant shall pay the Claimant's costs of and occasioned by the ASI Application, summarily assessed in the sum of [              ], within 14 days.

9.      Liberty to apply.


Solicitors for the Claimant:

Attn: Leilah Bruton

**Three Crowns LLP**
New Fetter Place
8-10 New Fetter Lane
London, EC4A 1AZ

leilah.bruton@threecrownsllp.com

**SCHEDULE A**

1.  If the Court later finds that this Order has caused loss to the Defendant, and decides that the Defendant should be compensated for that loss, the Claimant will comply with any Order the Court may make.

# Exhibit I

EFiled: Jul 19 2024 02:15PM EDT
Transaction ID 73731352
Case No. N24C-06-263 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FINANCIALRIGHT CLAIMS GMBH,   )
    )
          Plaintiff,   )
    )
      v.   )
    )   C.A. No. N24C-06-263 SKR CCLD
BURFORD GERMAN FUNDING   )
LLC,   )
    )
          Defendant.   )

## DEFENDANT BURFORD GERMAN FUNDING LLC'S
## MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT

Defendant Burford German Funding LLC by and through its undersigned counsel, hereby moves this Court, pursuant to Superior Court Rule 6(b), for an order extending the time to answer, move or otherwise respond to Plaintiff's Complaint. In support of this motion, Defendant respectfully represents as follows:

## BACKGROUND

1. Plaintiff filed this case on June 27, 2024, against a backdrop of other pending litigation in Germany and Delaware federal court. However, due to the July 4th holiday and other logistical challenges, the return of service was not docketed until July 8 and defendant's counsel did not become aware that service had been made until July 12.

2.    Defendant's Delaware counsel thereafter contacted Delaware counsel for Plaintiff to ask for a thirty-eight day extension of the deadline to respond to the Complaint, making the new deadline to respond to the Complaint August 30, 2024.

3.    Counsel for Plaintiff refused, offering Defendant only until August 12, 2024, and only under several conditions, including Defendant's agreement to stop pursuing ongoing litigation in London that was filed to enforce the arbitration clause at issue in this case. *See* Ex. A.

4.    In response, counsel for Defendant telephoned counsel for Plaintiff asking instead for the professional courtesy of an unconditional two-week extension of the deadline to August 6, 2024. Counsel for Plaintiff again refused. *See* Ex. B.

5.    Given Plaintiff's refusal to consent to even a two-week extension, Defendant regrets that it must come to this Court on a contested motion. For the reasons set forth below, Defendant respectfully requests that the Court extend Defendant's deadline to respond to the Complaint until August 30, 2024.

## ARGUMENT

6.    Rule 6(b) of the Superior Court Rules of Civil Procedure provides that "the Court for cause shown may at any time in its discretion . . . order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Super. Ct. R. 6(b).

7.     In deciding whether to grant motions for an enlargement of time, Delaware Courts generally employ "considerations of fairness" and will "liberal[ly] grant[] . . . extensions to the end that disputes be resolved on their merits." *PNC Bank, Delaware v. Hudson*, 687 A.2d 915, 917 (Del. 1997); *see also Hall v. McGuigan*, 1997 WL 527965, at *1 (Del. Super. Ct. Aug. 18, 1997) (granting a 45-day extension and describing the "relative liberality in the granting of time extensions").

8.     Good cause exists to grant the requested extension, which is well within the amount of time frequently given to defendants to respond to an initial complaint.  Counsel needs the additional time to evaluate Plaintiff's Complaint and consider how to respond (by motion, answer, or otherwise).  That is particularly true because Plaintiff's Complaint implicates several other proceedings between the parties – one pending in U.S. District Court for the District of Delaware and another pending in English court – involving this same arbitration agreement, and the involvement of counsel from several jurisdictions will be needed.

9.     Plaintiff will not be unduly prejudiced by the requested, brief extension.  It has not sought urgent or interim relief from this Court.  Nor are there any outstanding discovery requests or pending motions awaiting resolution.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Kevin P. Rickert (No. 6513)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com
krickert@ycst.com
*Attorneys for Defendant Burford German*
*Funding LLC*

Dated:  July 19, 2024

## <u>CERTIFICATE OF SERVICE</u>

I, Elena C. Norman, Esquire, hereby certify that on July 19, 2024, a copy of the foregoing document was served on following counsel in the manner indicated below:

### <u>BY FILE & SERVEXPRESS</u>

Matthew E. Fischer, Esq.
Jacqueline A. Rogers, Esq.
Charles R. Hallinan, Esq.
POTTER ANDERSON &
CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)

# Exhibit J

EFiled:  Jul 19 2024 02:15PM EDT
Transaction ID 73731352
Case No. N24C-06-263 SKR CCLD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| FINANCIALRIGHT CLAIMS GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-06-263 SKR CCLD |
| BURFORD GERMAN FUNDING LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendant Burford German Funding LLC will present its Motion to Extend Time to Respond to Complaint at the convenience of the Court.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Kevin P. Rickert (No. 6513)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com
krickert@ycst.com
*Attorneys for Defendant Burford German Funding, LLC*

Dated: July 19, 2024

# Exhibit K

**EFiled: Jul 19 2024 02:15PM EDT**
**Transaction ID 73731352**
**Case No. N24C-06-263 SKR CCLD**

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| FINANCIALRIGHT CLAIMS GMBH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. N24C-06-263 SKR CCLD |
| BURFORD GERMAN FUNDING ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## [PROPOSED] ORDER

WHEREAS, the Court having considered Defendant Burford German Funding LLC's Motion to Extend Time to Respond to Complaint (the "Motion"), and any opposition thereto, and good cause for the Motion being shown, IT IS HEREBY ORDERED:

1. The Motion is GRANTED;

2. Defendants' deadline to answer, move, or otherwise respond to the Complaint is extended to August 30, 2024.


_____
The Honorable Sheldon K. Rennie

# Exhibit L

**EFiled:  Jul 19 2024 02:15PM EDT**
**Transaction ID 73731352**
**Case No. N24C-06-263 SKR CCLD**

# EXHIBIT A

| | |
|---|---|
| **From:** | Rogers, Jacqueline A. <jrogers@potteranderson.com> |
| **Sent:** | Thursday, July 18, 2024 9:14 AM |
| **To:** | Rickert, Kevin P.; Fischer, Matthew E.; Hallinan, Charles R. |
| **Cc:** | Norman, Elena; Gaza, Anne Shea; Wilson, Samantha |
| **Subject:** | RE: financialright claims v. Burford German Funding, C.A. No. N24C-06-26 |

Kevin,

Given that this case was filed on June 27, we immediately notified your firm (and your co-counsel) and asked if you would accept service (which was ignored), and you presumably pulled the complaint from the docket at that time, we do not understand the need for an extension past the July 23 due date.  Your proposal of August 30 would be more than two months after you had the complaint, even if you did not receive "notice of service" of the complaint you already had for two weeks thereafter for whatever significance that holds (and which is the fault of your own agent).

That said, FRC is amenable to an extension until August 12, which is 46 days after you were notified of the complaint (and presumably obtained a copy).  However, we condition that extension on BGF not taking any action until after it responds to the complaint that would defeat, undermine or moot the relief that FRC seeks in the complaint.  This would include any effort to obtain an anti-suit injunction in England or commence any arbitration that is the very subject of the complaint itself.  We are unwilling to give BGF an extension merely so that BGF may take actions elsewhere either to prevent this lawsuit from proceeding or which this lawsuit pleads may not be taken.

If this is acceptable, please revise your stipulation accordingly.  If not, we request that you include this as a statement of FRC's position in any application you file.

Best,
Jacqueline

**From:** Rickert, Kevin P. <KRickert@ycst.com>
**Sent:** Wednesday, July 17, 2024 4:06 PM
**To:** Fischer, Matthew E. <mfischer@potteranderson.com>; Rogers, Jacqueline A. <jrogers@potteranderson.com>; challinan@pottteranderson.com
**Cc:** Norman, Elena <enorman@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** [EXT] financialright claims v. Burford German Funding, C.A. No. N24C-06-26

**\*\* This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. \*\***

Matthew,

We have been retained to represent Burford German Funding LLC in *financialright claims v. Burford German Funding LLC*, N24C-06-263 SKR CCLD. Though we now see that the sheriff delivered the complaint to Corporation Service Company on July 3, 2024, we did not receive notice of service until the writ was accepted on the docket on July 12, 2024. Would you be willing to permit us the courtesy of an extension of the deadline to respond to the complaint to August 30, 2024? If so, please let us know if we may add your signature to the attached stipulation.

Thanks,
Kevin



**Kevin P. Rickert, Associate**
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P:  302.571.6743
KRickert@ycst.com  |  www.youngconaway.com  |  vCard

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

# Exhibit M

EFiled:  Jul 19 2024 02:15PM EDT
Transaction ID 73731352
Case No. N24C-06-263 SKR CCLD

# EXHIBIT B

| | |
|---|---|
| **From:** | Hallinan, Charles R. <challinan@potteranderson.com> |
| **Sent:** | Friday, July 19, 2024 8:16 AM |
| **To:** | Rogers, Jacqueline A.; Rickert, Kevin P.; Fischer, Matthew E. |
| **Cc:** | Norman, Elena; Gaza, Anne Shea; Wilson, Samantha |
| **Subject:** | RE: financialright claims v. Burford German Funding, C.A. No. N24C-06-26 |

Kevin,

Following up on yesterday's call, FRC does not consent to BGF's request for a two week extension.

Thanks,
Charlie



**Charles R. Hallinan** | Associate

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6033
challinan@potteranderson.com | potteranderson.com

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

**From:** Rogers, Jacqueline A. <jrogers@potteranderson.com>
**Sent:** Thursday, July 18, 2024 12:21 PM
**To:** Rickert, Kevin P. <KRickert@ycst.com>; Fischer, Matthew E. <mfischer@potteranderson.com>; Hallinan, Charles R. <challinan@potteranderson.com>
**Cc:** Norman, Elena <enorman@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** RE: financialright claims v. Burford German Funding, C.A. No. N24C-06-26

Kevin, I responded this morning (see attached).

Best,
Jacqueline



**Jacqueline A. Rogers** | Partner
*she / her / hers*

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6216
jrogers@potteranderson.com | potteranderson.com

**From:** Rickert, Kevin P. <KRickert@ycst.com>
**Sent:** Thursday, July 18, 2024 12:10 PM
**To:** Fischer, Matthew E. <mfischer@potteranderson.com>; Rogers, Jacqueline A. <jrogers@potteranderson.com>;

challinan@potteranderson.com
**Cc:** Norman, Elena <enorman@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** [EXT] RE: financialright claims v. Burford German Funding, C.A. No. N24C-06-26

** This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. **

Matthew, following-up on the below. Given the approaching deadline, we would appreciate a response by the end of today.

Thanks,
Kevin



**Kevin P. Rickert**, Associate
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P:  302.571.6743
KRickert@ycst.com | www.youngconaway.com | vCard

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

**From:** Rickert, Kevin P. <KRickert@ycst.com>
**Sent:** Wednesday, July 17, 2024 4:06 PM
**To:** mfischer@potteranderson.com; jrogers@potteranderson.com; challinan@potteranderson.com
**Cc:** Norman, Elena <enorman@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** financialright claims v. Burford German Funding, C.A. No. N24C-06-26

Matthew,

We have been retained to represent Burford German Funding LLC in *financialright claims v. Burford German Funding LLC*, N24C-06-263 SKR CCLD. Though we now see that the sheriff delivered the complaint to Corporation Service Company on July 3, 2024, we did not receive notice of service until the writ was accepted on the docket on July 12, 2024. Would you be willing to permit us the courtesy of an extension of the deadline to respond to the complaint to August 30, 2024? If so, please let us know if we may add your signature to the attached stipulation.

Thanks,
Kevin



**Kevin P. Rickert**, Associate
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P:  302.571.6743
KRickert@ycst.com | www.youngconaway.com | vCard

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

# Exhibit N

**EFiled:  Jul 19 2024 02:15PM EDT**
**Transaction ID 73731352**
**Case No. N24C-06-263 SKR CCLD**

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| FINANCIALRIGHT CLAIMS GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-06-263 SKR CCLD |
| 1.  BURFORD GERMAN | ) | |
| FUNDING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

PLEASE ENTER THE APPEARANCE of Elena C. Norman, Anne Shea Gaza, Samantha G. Wilson, and Kevin P. Rickert of Young Conaway Stargatt & Taylor, LLP on behalf of Defendant Burford German Funding, LLC, in the above-captioned matter.

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Kevin P. Rickert (No. 6513)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com
krickert@ycst.com
*Attorneys for Defendant Burford German*

Dated: July 19, 2024    *Funding, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Elena C. Norman, Esquire, hereby certify that on July 19, 2024, a copy of the foregoing document was served on following counsel in the manner indicated below:

### <u>BY FILE & SERVEXPRESS</u>

Matthew E. Fischer, Esq.
Jacqueline A. Rogers, Esq.
Charles R. Hallinan, Esq.
POTTER ANDERSON &
CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899

*/s/ Elena C. Norman*
Elena C. Norman (No. 4780)

# Exhibit O



EFiled:  Jul 23 2024 10:19AM EDT
Transaction ID 73765442
Case No. N24C-06-263 SKR CCLD

**Potter Anderson & Corroon LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware  19801-6108
302.984.6000
potteranderson.com

Charles R. Hallinan
Associate
challinan@potteranderson.com
Direct  302.984.6033

July 23, 2024

**VIA E-FILE AND HAND DELIVERY**
The Honorable Sheldon K. Rennie
Superior Court
Leonard L. Williams Justice Center
500 North King Street
Wilmington, DE  19801

re:  *financialright claims GmbH v. Burford German Funding, LLC*,
**C.A. No. N24C-06-263 SKR CCLD**

Dear Judge Rennie:

Enclosed for Your Honor's consideration are two courtesy copies of Plaintiff's Opposition to Defendant's Motion to Extend Time to Respond to Plaintiff's Complaint with Exhibits A-D thereto.

Counsel are available should Your Honor have any questions.

Respectfully,

*/s/ Charles R. Hallinan*

Charles R. Hallinan (#6814)

Enclosures
cc: Elena C. Norman, Esq. (*via e-file*)
     Anne Shea Gaza, Esq. (*via e-file*)
     Samantha G. Wilson, Esq. (*via e-file*)
     Kevin P. Rickert, Esq. (*via e-file*)

# Exhibit P

EFiled:  Jul 23 2024 04:56PM EDT
Transaction ID 73769806
Case No. N24C-06-263 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FINANCIALRIGHT CLAIMS GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-06-263 SKR CCLD |
| BURFORD GERMAN FUNDING LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BURFORD GERMAN FUNDING LLC'S
## MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY

Defendant Burford German Funding LLC ("BGF" or "Defendant"), by and through its undersigned counsel hereby moves this Court for an order to dismiss the case, or, in the alternative, stay the case pending resolution of a federal proceeding raising the same issues.

The grounds for this motion are set forth fully in the Opening Brief, which is being filed contemporaneously herewith.

OF COUNSEL:

Derek T. Ho
Travis G. Edwards
Eliana Margo Pfeffer
Dustin G. Graber
KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
tedwards@kellogghansen.com
epfeffer@kellogghansen.com
dgraber@kellogghansen.com


Dated:  July 23, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Kevin P. Rickert (No. 6513)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com
krickert@ycst.com

*Attorneys for Defendant Burford German Funding LLC*

2

## <u>CERTIFICATE OF SERVICE</u>

I, Anne Shea Gaza, Esquire, hereby certify that on July 23, 2024, a copy

of the foregoing document was served on following counsel in the manner

indicated below:

## <u>BY FILE & SERVEXPRESS</u>

Matthew E. Fischer, Esq.
Jacqueline A. Rogers, Esq.
Charles R. Hallinan, Esq.
POTTER ANDERSON &
CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)

# Exhibit Q

**EFiled:  Jul 23 2024 04:56PM EDT**
**Transaction ID 73769806**
**Case No. N24C-06-263 SKR CCLD**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| FINANCIALRIGHT CLAIMS GMBH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. N24C-06-263 SKR CCLD |
| ) | |
| BURFORD GERMAN FUNDING ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF MOTION

Please take notice that Defendant Burford German Funding LLC, through its undersigned counsel, will present Defendant's Motion to Dismiss or, in the Alternative, Stay at the convenience of the Court.

OF COUNSEL:

Derek T. Ho
Travis G. Edwards
Eliana Margo Pfeffer
Dustin G. Graber
KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kelloghansen.com
tedwards@kelloghansen.com
epfeffer@kelloghansen.com
dgraber@kelloghansen.com

Dated: July 23, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Kevin P. Rickert (No. 6513)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com
krickert@ycst.com

*Attorneys for Defendant Burford German Funding, LLC*

# Exhibit R

**EFiled:  Jul 23 2024 04:56PM EDT**
**Transaction ID 73769806**
**Case No. N24C-06-263 SKR CCLD**

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| FINANCIALRIGHT CLAIMS GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-06-263 SKR CCLD |
| BURFORD GERMAN FUNDING LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] ORDER

WHEREAS, the Court having considered Defendant Burford German Funding LLC's Motion to Dismiss, Or, In the Alternative, Stay (the "Motion"), and any opposition thereto, and good cause for the Motion being shown, IT IS HEREBY ORDERED this _____ day of _____, 2024, that the Motion is GRANTED.

_____
The Honorable Sheldon K. Rennie

# Exhibit S

EFiled: Jul 23 2024 04:56PM EDT
Transaction ID 73769806
Case No. N24C-06-263 SKR CCLD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FINANCIALRIGHT CLAIMS GMBH,   )
   )
      Plaintiff,   )
   )
      v.   )   C.A. No. N24C-06-263 SKR CCLD
   )
BURFORD GERMAN FUNDING   )
LLC,   )
   )
      Defendant.   )

## DEFENDANT BURFORD GERMAN FUNDING LLC'S
## BRIEF IN SUPPORT OF MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, STAY

OF COUNSEL:

Derek T. Ho
Travis G. Edwards
Eliana Margo Pfeffer
Dustin G. Graber
KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
tedwards@kellogghansen.com
epfeffer@kellogghansen.com
dgraber@kellogghansen.com

Dated: July 23, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Kevin P. Rickert (No. 6513)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com
krickert@ycst.com

*Attorneys for Defendant Burford German
Funding LLC*

## TABLE OF CONTENTS

STATEMENT OF THE CASE..................................................................................3

QUESTIONS PRESENTED...................................................................................7

LEGAL STANDARD...........................................................................................8

ARGUMENT ....................................................................................................10

I.      The Court must dismiss for lack of subject matter jurisdiction. ...................10

II.     At the very least, the Court should stay this action pending
        resolution of the first-filed action. ..............................................................15

CONCLUSION .................................................................................................19

# TABLE OF AUTHORITIES

## Cases

*Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265 (1995) ...............8

*American Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013) .......................9

*Chemours Co. v. DowDuPont Inc.*,
2020 WL 1527783 (Del. Ch. Mar. 30, 2020) .......................................................15

*Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003) ...............................................10

*Coinbase, Inc. v. Suski*, 144 S. Ct. 1186 (2024) ......................................................11

*Credit Acceptance Corp. v. Liggon*,
2017 WL 2895911 (Del. Ct. Com. Pl. July 7, 2017)............................................10

*Fairstead Cap. Mgmt. LLC v. Blodgett*, 288 A.3d 729 (Del. Ch. 2023) .... 11, 12, 13

*FeraDyne Outdoors, LLC v. Reaser*,
2023 WL 9094423 (Del. Super. Ct. Dec. 20, 2023)..............................................8

*Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C.*,
173 A.3d 1033 (Del. 2017) ..................................................................................16

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) ..................................9

*In re Bear Stearns Companies, Inc. S'holder Litig.*,
2008 WL 959992 (Del. Ch. Apr. 9, 2008)...........................................................10

*James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76 (Del. 2006) ....... 8, 13, 14

*Legend Nat. Gas II Holdings, LP v. Hargis*,
2012 WL 4481303 (Del. Ch. Sept. 28, 2012)......................................................13

*LG Elecs., Inc. v. InterDigital Commc'ns, Inc.*,
114 A.3d 1246 (Del. 2015) ..................................................................................16

*Logan v. Loco Florida, LLC*,
2024 WL 1191990 (Del. Super. Ct. Mar. 20, 2024)............................................19

*McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*,
263 A.2d 281 (Del. 1970) .............................................................. *passim*

*NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*,
    922 A.2d 417 (Del. Ch. 2007) ...............................................................8

*New Prime Inc. v. Oliveira*, 586 U.S. 105 (2019)............................................ 11, 12

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010)......................... 11, 13, 14

*Scott v. CVS*, 2023 WL 3477827 (3d Cir. May 15, 2023) ......................................15

*Transamerica Corp. v. Reliance Ins. Co. of Illinois*,
    1995 WL 1312656 (Del. Super. Ct. Aug. 30, 1995)................................................9

*West IP Commc'ns, Inc. v. Xactly Corp.*,
    2014 WL 3032270 (Del. Super. Ct. June 25, 2014) ............................................14

*Zirpoli v. Midland Funding, LLC*, 48 F.4th 136 (3d Cir. 2022) .............................15

*Zurich Am. Ins. Co. v. Sterigenics U.S., LLC*,
    2024 WL 324094 (Del. Super. Ct. Jan. 26, 2024) ......................................... 17, 18

**Statutes**

9 U.S.C. § 2 ..........................................................................................................9

9 U.S.C. § 4 ..........................................................................................................9

28 U.S.C. § 1782 ................................................................................................5, 6

**Other Authorities**

LCIA Arbitration Rules (2014), available at https://www.lcia.org/
    dispute_resolution_services/lcia-arbitration-rules-2014.aspx ...............................3

International Comparative Legal Guides, *Class and Group Actions Laws
    and Regulations – Germany 2024* (ICLG July 11, 2023), available at
    https://iclg.com/practice-areas/class-and-group-actions-laws-and-
    regulations/germany...............................................................................................3

This is a simple case about a clear and broad arbitration agreement that Plaintiff financialright claims GmbH ("FRC") is desperate to avoid. Indeed, this is FRC's second attempt to evade its contractual obligation to arbitrate its disputes with Defendant: the first time, it improperly brought a claim against Defendant in federal court. In response, Defendant moved to compel arbitration. And while that motion was being briefed, FRC took another bite at the same apple and filed this case in state court, relying on the same facts and arguments that it presented to the federal court.

Under settled Delaware law, this case does not belong here. First, the Court lacks subject matter jurisdiction over a dispute that the parties contractually agreed to arbitrate. Second, the *same exact* legal question on which FRC seeks a declaratory judgment in this case has already been submitted *by FRC* to the federal court; this Court should rebuff FRC's most recent attempt to waste judicial resources litigating the same arbitrability dispute.

The issue that FRC asks this Court to resolve by declaratory judgment – the validity of its arbitration agreement with Defendant Burford German Funding ("BGF") –is subject to arbitration, because FRC agreed that threshold questions of arbitrability, including the validity of the arbitration clause itself, would be delegated to the arbitrator. FRC does not specifically dispute the validity of that delegation clause, as FRC must if it wishes to avoid its effects. Because that

uncontested delegation clause mandates arbitration of FRC's claims, this Court lacks subject matter jurisdiction.

Alternatively, this Court should stay the case pending resolution of the first-filed federal case involving the same parties and the same issues.  After FRC initiated a proceeding in the District of Delaware to obtain discovery from BGF, as well as its partners Burford Capital LLC ("Burford") and German Litigation Solutions LLC ("GLS"), all three entities moved to compel arbitration of that dispute.  *See In re Application of financialright claims GmbH*, C.A. No. 23-1481-CFC (D. Del.) ("Federal Action").  FRC has resisted arbitration in the Federal Action by claiming the arbitration agreement is unenforceable because BGF fraudulently induced its agreement.  That is the same issue FRC raises before this Court.  That a federal court is set to decide all the issues presented by FRC in this claim – and that those issues have been fully briefed – counsels in favor of granting a stay pending resolution of the Federal Action.

And that is particularly true where, as here, BGF has also asked an English court – which will supervise the parties' London-seated arbitration – to put an end to FRC's breaches by enjoining it from continuing to contest the validity of the arbitration agreement in court when it specifically agreed to resolve that issue in arbitration. [1]

---

[1] Defendant has taken affirmative steps to avoid Plaintiff's improper forum

## STATEMENT OF THE CASE

In July 2016, a European Commission determined that a cartel of truck manufacturers had engaged in anticompetitive conduct.  BGF, an entity developed to fund German antitrust litigation, began looking for a claims administrator to aggregate claims of truck owners harmed by this anticompetitive conduct.  Unlike in the United States, German law does not provide for class actions, so mass litigation is conducted by a claims administrator that receives assignments of claims from multiple assignors and litigates them as a nominal plaintiff on behalf of the assignors.[2]

BGF ultimately engaged FRC, as memorialized in an April 25, 2017 Capital Provision Agreement ("CPA").  Pursuant to that agreement, BGF would fund the litigation on behalf of the trucks owners.  Because BGF would put tens of millions of Euros at risk, BGF would receive the vast majority of the success fee, with FRC

---

shopping.  The parties' contract explicitly incorporates the rules of the London Court of International Arbitration, which permit either party to seek "interim or conservatory measures" from a court "before the formation of the Arbitral Tribunal."  *See* LCIA Rules at art. 25.3, available at https://www.lcia.org/ dispute_resolution_services/lcia-arbitration-rules-2014.aspx.  As no arbitral tribunal has yet been formed, Defendant has filed a suit for an interim anti-suit injunction in English court – the court with supervisory power over the London-seated arbitration mandated by the agreement – to halt Plaintiff's repeated and continuing breaches of the arbitration agreement.

[2] *See generally* International Comparative Legal Guides, *Class and Group Actions Laws and Regulations – Germany 2024* (ICLG July 11, 2023), available at https://iclg.com/practice-areas/class-and-group-actions-laws-and-regulations/ germany.

3

earning around a very small percent of the total recovery as compensation for administrative tasks and being the nominal plaintiff.

The CPA required that the parties keep the terms of their agreement strictly confidential.  Further, any dispute between the parties would be arbitrated.  Section 27 of the CPA (hereinafter the "Arbitration Agreement") states as follows:

(a) Any dispute, controversy or claim arising out of or in connection with this Agreement, including any question regarding its formation, existence, validity, interpretation, performance, breach or termination and any application for interim, preliminary, equitable or injunctive relief, shall (to the exclusion of any other forum) be referred to and finally resolved by arbitration under the Arbitration Rules of The London Court of International Arbitration (the "***LCIA***"), which rules are deemed to be incorporated by reference into this Section.  Any attempt by [FRC] to seek relief or remedies in any other forum shall constitute a breach of this Agreement and entitle [BGF] to damages, equitable relief and full indemnification against all costs and expenses incurred in connection therewith.  [FRC] shall be obliged to post security for costs as directed by the arbitral tribunal ("***Tribunal***").

(b) The Tribunal shall consist of three arbitrators.  Each party shall nominate one arbitrator and the two arbitrators nominated by the parties shall, within thirty days of the nomination of the second party-nominated arbitrator, agree upon and nominate a third arbitrator who shall act as Chairman of the Tribunal.  If no agreement is reached within thirty days or at all, the LCIA Court shall select and appoint a third arbitrator to act as Chairman of the Tribunal.  (The foregoing shall not be interpreted as an opt-out of the Emergency Arbitrator rules set forth in Article 9B of the LCIA Rules.)

(c) The seat, or legal place, of arbitration shall be London.  Proceedings shall occur at locations agreed by the parties or directed by the Tribunal.

(d) The language to be used in the arbitral proceedings shall be English.

CPA § 27(a)-(d).

Pursuant to the CPA, FRC retained Hausfeld Rechtsanwälte LLP ("Hausfeld Germany") to represent it in the German Trucks Litigation.  *See* Compl. ¶ 5.  In December 2023, FRC terminated Hausfeld Germany and sued its former counsel in German court.  *See* Compl. ¶ 6.

On the same day, FRC filed an application under 28 U.S.C. § 1782 in the Federal Action seeking discovery from BGF and its managers and members (Burford and GLS) for use in the German proceeding.  *See* Compl. ¶ 6.  FRC's application seeks an order requiring BGF, Burford, and GLS to produce documents and testimony relating to their corporate structures, their relationship with Hausfeld Germany and its affiliates, and their financial interest in the German Trucks Litigation – all information explicitly protected by the CPA's confidentiality provisions.  *See* Federal Action, D.I. 2-2, 2-3, 2-4, 2-5, 2-6, and 2-7.

On January 30, 2024, the court in the Federal Action granted FRC's motion to stay the proceedings while FRC and BGF (along with Burford and GLS) attempted to negotiate a resolution of FRC's discovery application.  *See* Federal Action, D.I. 13.  During those discussions, BGF advised FRC that any dispute over the Federal Action – including any issues regarding the validity of the CPA and the Arbitration Agreement – must be arbitrated.[3]  The discussions between FRC and

---

[3] In contrast, FRC has told this Court in its Complaint that the CPA requires "FRC to arbitrate any claims against BGF."  Compl. ¶ 4; *see also* Compl. ¶ 8 ("FRC would never have agreed to an arbitration clause requiring it to arbitrate . . .

BGF did not result in a resolution, however, and FRC asked the federal court to lift the stay on May 31, 2024.  *See* Federal Action, D.I. 19.  That same day, BGF moved to compel arbitration of the Federal Action.  *See* Federal Action, D.I. 20.

BGF urged the federal court to compel arbitration because BGF and FRC agreed to delegate threshold issues of arbitrability – including the validity and enforceability of the Arbitration Agreement – to an arbitral tribunal.  *See* Federal Action, D.I. 21 at 2.  Accordingly, that tribunal must decide in the first instance whether FRC's § 1782 application is subject to mandatory arbitration.  *See id.* at 3.  In response, FRC asserted for the first time – despite being aware for months of BGF's position that the Federal Action was subject to arbitration – that the Arbitration Agreement was invalid because "FRC was fraudulently induced to enter into the CPA's arbitration clause."  Federal Action, D.I. 36 at 12.  In support of its argument, FRC relied on a self-serving and inaccurate declaration from Sven Bode, the former managing director of FRC, purporting to describe his subjective impressions and intentions while negotiating the CPA.  *See id.* at 2-4, 13; *see also* Federal Action, D.I. 37.

On the same day it filed its opposition to BGF's motion to compel arbitration of the Federal Action, FRC filed this action raising the same issues and relying on the same evidence it offered the federal court.  FRC again relies on Mr.

---

claims not arising out of or in connection with the CPA").

Bode's subjective account of the CPA's negotiation.  *See* Compl. ¶¶ 18-25.  And

FRC asks this Court for a purportedly broader declaration of invalidity, "that BGF

fraudulently induced FRC to agree to the Arbitration Agreement and, therefore, the

Arbitration Agreement is invalid and unenforceable."  *Id.* ¶ 37.[4]

BGF responded to FRC's opposition to its motion to compel arbitration in

the Federal Action on July 15.  *See* Federal Action, D.I. 38.  BGF explained that

FRC's fraudulent inducement claim is not properly before the federal court; the

parties delegated any issues regarding the validity of the Arbitration Agreement to

the arbitral tribunal; and because FRC does not claim that it was fraudulently

induced into agreeing to the delegation clause, its attacks on the Arbitration

Agreement are unavailing.  *See id.* at 6-8.

BGF's motion is now fully briefed before the federal court and ripe for

decision.  Should the federal court grant BGF's motion to compel, FRC will be

required to arbitrate the issues it raises here.

## QUESTIONS PRESENTED

I.   Whether this Court lacks subject matter jurisdiction to resolve plaintiff's

claim that it was fraudulently induced into an arbitration agreement when

---

[4] Notwithstanding its suggestions to the contrary, in the Federal Action, FRC did not limit the scope of its request for a declaration the arbitration agreement was fraudulently induced.  *See* Federal Action, D.I. 36 at 2 ("FRC was fraudulently induced to enter into that arbitration agreement, and thus it is unenforceable.").

plaintiff is subject to an undisputedly valid and binding delegation clause requiring arbitration of all threshold issues – including the validity of the arbitration agreement.

II.   Whether the Court should stay plaintiff's case pending adjudication of a first-filed action in federal court that involves the same parties and issues.

## LEGAL STANDARD

"A motion to dismiss based on an arbitration clause goes to the Court's subject matter jurisdiction over the dispute." *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 429 n.15 (Del. Ch. 2007) (internal citation omitted). "Upon a Superior Court Civil Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden to show a basis for the Court's exercise of jurisdiction over the action." *FeraDyne Outdoors, LLC v. Reaser*, 2023 WL 9094423, at *5 (Del. Super. Ct. Dec. 20, 2023). In determining whether it has subject matter jurisdiction, "[t]he Court may consider documents beyond the complaint." *Id.* And "[w]hen another party challenges the plaintiff's jurisdictional allegations by introducing material outside the pleadings, the plaintiff must support those allegations with competent proof." *Id.* (cleaned up).

Arbitration agreements that affect interstate or foreign commerce are governed by the Federal Arbitration Act ("FAA"). *See James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 80 (Del. 2006); *see also Allied-Bruce Terminix*

*Companies, Inc. v. Dobson*, 513 U.S. 265, 274 (1995).  Section 2 of the FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.  Section 4 of the FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" may petition the Court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

The FAA reflects the "national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (cleaned up).  Courts "must rigorously enforce arbitration agreements according to their terms, including terms that 'specify with whom the parties choose to arbitrate their disputes,' and 'the rules under which that arbitration will be conducted.'"  *American Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (cleaned up).

Further, "[i]t has long been held in Delaware that, 'as a general rule, litigation should be confined to the forum in which it is first commenced.'"  *Transamerica Corp. v. Reliance Ins. Co. of Illinois*, 1995 WL 1312656, at *4 (Del. Super. Ct. Aug. 30, 1995) (quoting *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).  "In assessing which of

multiple actions challenging the same conduct should proceed," Delaware courts

apply the "*McWane* doctrine, also known as the first-filed rule." *In re Bear

Stearns Companies, Inc. S'holder Litig.*, 2008 WL 959992, at *5 (Del. Ch. Apr. 9,

2008). "Under the first-filed rule, this Court freely exercises its broad discretion to

grant a stay 'when there is a prior action pending elsewhere, in a court capable of

doing prompt and complete justice, involving the same parties and the same

issues.'" *Id.* (quoting *McWane*, 263 A.2d at 283).

## ARGUMENT

## I. The Court must dismiss for lack of subject matter jurisdiction.

"In Delaware, courts lack subject matter jurisdiction to resolve disputes that

litigants have contractually agreed to arbitrate." *Credit Acceptance Corp. v.

Liggon*, 2017 WL 2895911, at *2 (Del. Ct. Com. Pl. July 7, 2017*)* (internal

quotation marks and citations omitted). In the CPA, FRC agreed to arbitrate "[a]*ny*

dispute, controversy or claim" "arising out of or in connection with" that

agreement. CPA § 27(a) (emphasis added). The CPA also clearly and

unmistakably delegates to the arbitral tribunal any dispute as to the validity of the

parties' arbitration agreement. Under the FAA,[5] U.S. Supreme Court precedent,

and Delaware authorities, that delegation clause is enforceable by its terms unless

---

[5] Because the CPA involves interstate and foreign commerce, the FAA
governs. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003).

FRC specifically challenges the validity of the delegation clause. Because FRC has not done so, its claim that the arbitration agreement as a whole is invalid is subject to arbitration. This Court therefore lacks subject matter jurisdiction over any dispute over the validity of the arbitration agreement.

Disputes over the applicability of an arbitration agreement "may exist at three levels." *Fairstead Cap. Mgmt. LLC v. Blodgett*, 288 A.3d 729, 748 (Del. Ch. 2023). The first question asks "whether the underlying merits dispute is arbitrable." *Id.* The second "asks whether a court or an arbitrator decides the arbitrability question" – in other words, "who decides" the first-order dispute. *Id.* & n.12. And the "third level of inquiry asks whether the parties have agreed to have an arbitrator decide[] the arbitrability question" by including a "delegation provision" in their agreement. *Id.*; *see also Coinbase, Inc. v. Suski*, 144 S. Ct. 1186, 1193 (2024) (describing the different orders of disputes).

A "'delegation agreement' . . . is treated as its own mini-arbitration agreement." *Fairstead Cap. Mgmt.*, 288 A.3d at 748-49; *see also Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69, 71 (2010) (holding that parties may grant arbitrators the "exclusive authority" to decide gateway questions of arbitrability through a so-called "delegation provision"). It "gives an arbitrator authority to decide even the initial question whether the parties' dispute is subject to arbitration." *New Prime Inc. v. Oliveira*, 586 U.S. 105, 111-12 (2019). Thus,

11

"[u]nless a party specifically challenges the validity of the agreement to arbitrate, both sides may be required to take all their disputes – including disputes about the validity of their broader contract – to arbitration."  *Id.* at 112.

The parties here have clearly and unmistakably delegated the arbitrability question to the arbitrators.  The CPA's arbitration agreement states that:

> *Any dispute, controversy or claim* arising out of or in connection with this Agreement, *including any question regarding its formation, existence, validity*, interpretation, performance, breach or termination and any application for interim, preliminary, equitable or injunctive relief, shall (to the exclusion of any other forum) be referred to and finally resolved by arbitration under the Arbitration Rules of The London Court of International Arbitration (the "***LCIA***"), *which rules are deemed to be incorporated by reference into this Section.*

CPA § 27(a) (emphasis added).

In turn, Article 23.1 of the LCIA Arbitration Rules states that "[t]he Arbitral Tribunal shall have the power to rule upon its own jurisdiction and authority, including any objection to the initial or continuing existence, validity, effectiveness or scope of the Arbitration Agreement."  LCIA Rules, *supra* note 1, at art. 23.1. Indeed, the CPA goes further, noting that "[a]ny attempt by [FRC] to seek relief or remedies in any other forum shall constitute a breach of this Agreement."  CPA § 27(a).

The incorporation of the LCIA rules constitutes a delegation provision because it evidences "clear intent to arbitrate the question of arbitrability," stripping this Court of subject matter jurisdiction.  *Fairstead Cap. Mgmt.*, 288 A.3d

12

at 757 (citing *Willie Gary*, 906 A.2d at 80).  According to the Delaware Supreme Court, parties evidence such an intent "where the arbitration clause generally provides for arbitration of all disputes and also incorporates a set of arbitration rules that empower arbitrators to decide arbitrability.'"  *Id.* (quoting *Willie Gary*, 906 A.2d at 80).

The CPA's arbitration clause meets that standard.  First, the Arbitration Agreement provides for the resolution of "[a]ny dispute."  CPA § 27(a).  Courts repeatedly have held, the plain meaning of the term "[a]ny dispute" is "all disputes," including gateway issues of arbitrability.  *See Rent-A-Center*, 561 U.S. at 66 (finding delegation where clause provided that "[t]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable"); *see also Legend Nat. Gas II Holdings, LP v. Hargis*, 2012 WL 4481303, at *5 (Del. Ch. Sept. 28, 2012) (holding that "the language 'any dispute, controversy or claim arising out of or relating to this [Employment] Agreement' generally refers all disputes to arbitration").

Second, *Willie Gary* specifically recognized that incorporation of arbitral rules such as the LCIA rules constitutes a clear delegation clause:  if an arbitration clause "incorporates a set of arbitration rules that empower arbitrators to decide

13

[substantive] arbitrability" and also "generally provides for arbitration of all disputes," "then the parties to the arbitration clause are deemed to have agreed to have an arbitrator decide substantive arbitrability."  *Willie Gary*, 906 A.2d at 80; *West IP Commc'ns, Inc. v. Xactly Corp.*, 2014 WL 3032270, at \*7 (Del. Super. Ct. June 25, 2014) (citing *Willie Gary*, 906 A.2d at 79).  So too has the U.S. Supreme Court.  *See Rent-A-Center*, 561 U.S. at 66.  Accordingly, the LCIA arbitral tribunal has exclusive authority to resolve FRC's challenge to the validity of the CPA's arbitration agreement.

FRC has not specifically challenged the validity of the parties' agreement to delegate arbitrability disputes to arbitration.  The Complaint alleges (at ¶ 9) only that FRC was induced to "agree to the Arbitration Agreement" as a whole because it has recently learned about well-settled principles of equitable estoppel (an allegation that strains credulity).  But this supposedly new concern cannot obviate the parties' contractual agreement to arbitrate "[a]ny dispute, controversy or claim arising out of or in connection with this Agreement, including any question regarding its formation, existence, [or] validity," CPA § 27(a), and to do so pursuant to the LCIA's rules, which give the arbitral tribunal jurisdiction to decide the validity of the arbitration agreement.

With the validity of the delegation clause undisputed, this Court lacks jurisdiction to resolve any claims that FRC was fraudulently induced into the

14

arbitration agreement.  *Chemours Co. v. DowDuPont Inc.*, 2020 WL 1527783, at

\*14 (Del. Ch. Mar. 30, 2020), *aff'd*, 243 A.3d 441 (Del. 2020) (dismissing action

where party failed to articulate challenge "specific to the Delegation Clause");

*Zirpoli v. Midland Funding, LLC*, 48 F.4th 136, 144-45 (3d Cir. 2022) (finding that

challenge "to the arbitration agreement does not go to the enforceability of the

*delegation clause*, because of the severability doctrine"); *Scott v. CVS*, 2023 WL

3477827, at \*2 (3d Cir. May 15, 2023) ("We are required to enforce arbitration

agreements 'according to their terms' and, in the absence of some other generally

applicable contract defense directed to the *delegation* provision, such as fraud,

duress, or unconscionability, let an arbitrator determine arbitrability.) (emphasis

added).  The Court should dismiss FRC's case for lack of jurisdiction.

## II.    At the very least, the Court should stay this action pending resolution of the first-filed action.

FRC has asked this Court to resolve the same legal question it put to a

federal court:  whether FRC was fraudulently induced into the Arbitration

Agreement, and more fundamentally, whether it must arbitrate that claim pursuant

to the parties' delegation clause.  Because simultaneously litigating whether this

case should be arbitrated would be exactly the "wasteful duplication of time, effort,

and expense that occurs when judges, lawyers, parties, and witnesses are

simultaneously" litigating the same issues "in two courts," *McWane*, 263 A.2d at

283, this Court should stay all proceedings under the Delaware Supreme Court's

seminal decision in *McWane* pending resolution of the first-filed action.[6]

As the Delaware Supreme Court has explained, "Delaware courts 'typically will defer to [the] first-filed action in another forum if that action involves substantially the same parties and issues as the litigation pending in Delaware, and will stay the later-filed Delaware action pending adjudication of the issues in the competing forum.'" *Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1037 (Del. 2017) (citation omitted).  The court's inquiry turns on three factors:  "(1) is there a prior action pending elsewhere; (2) in a court capable of doing prompt and complete justice; (3) involving the same parties and the same issues?" *LG Elecs., Inc. v. InterDigital Commc'ns, Inc.*, 114 A.3d 1246, 1252 (Del. 2015).  "If all three criteria are met, '*McWane* and its progeny establish a strong preference for the litigation of a dispute in the forum in which the first action' was filed." *Id.* (citation omitted).

All three *McWane* criteria are satisfied here.  *First*, there is a prior action pending in federal court in Delaware.  FRC initiated the Federal Action on December 29, 2023, *see* Federal Action, D.I. 1, six months before FRC's

---

[6] To be clear, BGF does not concede that the Federal Action was properly brought in federal court; rather, the point for purposes of the stay motion in this case is that BGF has moved for a motion to compel arbitration, that motion is fully briefed and under consideration by the district court, and the district court's resolution of that motion in favor of arbitrability would similarly resolve this dispute.

Complaint in this case was docketed.  The first-filed doctrine applies to cases filed in federal court, *see McWane*, 263 A.2d at 282-83, and "the month[s]-long separation here precludes serious debate" as to which action was filed first, *Zurich Am. Ins. Co. v. Sterigenics U.S., LLC*, 2024 WL 324094, at *5 (Del. Super. Ct. Jan. 26, 2024).

*Second*, the Federal Action involves "the same parties and the same issues." FRC and BGF are parties in both actions.  And both cases involve the same issue: whether the parties' arbitration agreement is valid, and whether that dispute must be arbitrated.  FRC acknowledged it was pursuing the same relief in the brief it filed in the Federal Action.  *See* Federal Action, D.I. 36 at 15 n.10.[7]  In the Federal Action, BGF moved to compel arbitration based on the parties' arbitration agreement.  *See* Federal Action, D.I. 20, 21.  In response, FRC asserted that the arbitration agreement was invalid because FRC was allegedly fraudulently induced

---

[7] FRC's suggestion that it had to file this action because it had to obtain "a declaration that the arbitration clause is invalid for all purposes" is a thinly-veiled attempt at justifying its further public filings and breaches of its obligation to arbitrate all disputes arising out of or in connection with the CPA.  FRC is seeking the same relief in the Federal Action it is seeking here.  *Compare* Federal Action, D.I. 36 at 2 ("FRC was fraudulently induced to enter into that arbitration agreement, and thus it is unenforceable") *with* Compl. ¶ 37 ("Plaintiff is entitled to a judicial declaration by the Court that BGF fraudulently induced FRC to agree to the Arbitration Agreement and, therefore, the Arbitration Agreement is invalid and unenforceable.").  If the federal court accepted FRC's claims that it was fraudulently induced into the Arbitration Agreement, FRC would surely argue that BGF was collaterally estopped from invoking that agreement elsewhere, rendering this action unnecessary.

into agreeing to it.  *See* Federal Action, D.I. 36 at 12-15.  FRC's Complaint in this action seeks the same relief:  a declaration that the Arbitration Agreement is invalid as a result of fraudulent inducement.

The fact that the identical issue comes up in federal court in the context of a dispute over arbitrability of FRC's claim for discovery and this Court in the context of a claim for a declaratory judgment is of no moment.  The issues are identical, and Delaware courts have instructed that "the 'same parties, same issues' analysis focuses on substance over form."  *Zurich*, 2024 WL 324094, at *6 (citation omitted).  The key question is whether there is "'substantial or functional identity' between the competing actions."  *Id*.  And "substantial identity exists where the two actions share a 'common nucleus of operative fact.'"  *Id*.  Here, FRC alleges *the same facts* to support this action as it did in the Federal Action.  *Compare* Federal Action, D.I. 36 at 12-15 *with* Compl. ¶¶ 18-32.

*Third*, the federal court is capable of doing "prompt and complete justice." Briefing on this issue in the Federal Action is already complete, meaning the federal court is positioned to promptly adjudicate the same issues raised in this action.  If FRC were to prevail in the Federal Action, it would receive the same relief it seeks here:  namely, that it need not arbitrate its dispute with BGF and may instead continue litigating in court.  *See* Compl. at 11 (seeking a declaration that "(i) BGF fraudulently induced FRC into agreeing to the Arbitration Agreement;

and (ii) as a result of BGF's fraud, the Arbitration Agreement is invalid and unenforceable").

FRC's repeated disregard for its contractual obligations has forced to Defendant to seek assistance from the English courts as contemplated by the parties' agreement. *See supra* n.1. That proceeding provides yet another reason for this Court to stay this action. The English court has supervisory jurisdiction over matters relating to any arbitration between the parties, and that court will have primary jurisdiction over any award such arbitration may generate. Since the English court will primarily be affected by any subsequent arbitration, "[p]rinciples of comity and judicial efficiency weigh in favor of a stay" while that court addresses these issues. *Logan v. Loco Florida, LLC*, 2024 WL 1191990, at *4 (Del. Super. Ct. Mar. 20, 2024). Doing so will minimize "the risk of inconsistent rulings between the two actions," *id.*, and save this Court from expending effort to consider matters that might be mooted by an order from the English court enjoining FRC from continuing this action. Ultimately, if it does not dismiss for lack of jurisdiction, this Court should stay these proceedings before it expends any further time to the action.

## CONCLUSION

For the reasons stated above, this Court should dismiss for lack of jurisdiction or, in the alternative, stay the proceedings.

OF COUNSEL:

Derek T. Ho
Travis G. Edwards
Eliana Margo Pfeffer
Dustin G. Graber
KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
tedwards@kellogghansen.com
epfeffer@kellogghansen.com
dgraber@kellogghansen.com

Dated:  July 23, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Kevin P. Rickert (No. 6513)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com
krickert@ycst.com

*Attorneys for Defendant Burford German Funding LLC*

20

# Exhibit T

**EFiled:  Jul 23 2024 04:56PM EDT**
**Transaction ID 73769806**
**Case No. N24C-06-263 SKR CCLD**

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| FINANCIALRIGHT CLAIMS GMBH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   C.A. No. N24C-06-263 SKR CCLD |
| BURFORD GERMAN FUNDING LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF COMPLIANCE WITH**
**TYPEFACE REQUIREMENT AND TYPE-VOLUME LIMITATION**

1.      This brief complies with the typeface requirement of Superior Court Civil Rule 107(b) because it has been prepared in Times New Roman 14 point typeface using Microsoft Word 2016.

2.      This brief complies with the type-volume limitation ordered by the Court because it contains 4,741 words, which were counted by Microsoft Word 2016.

OF COUNSEL:

Derek T. Ho
Travis G. Edwards
Eliana Margo Pfeffer
Dustin G. Graber
KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kelloghansen.com
tedwards@kelloghansen.com
epfeffer@kelloghansen.com
dgraber@kelloghansen.com


Dated: July 23, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Kevin P. Rickert (No. 6513)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com
krickert@ycst.com

*Attorneys for Defendant Burford German
Funding LLC*

2

# Exhibit U

EFiled:  Jul 23 2024 04:56PM EDT
Transaction ID 73769806
Case No. N24C-06-263 SKR CCLD

## CERTIFICATE OF SERVICE

I, Anne Shea Gaza, Esquire, hereby certify that on July 23, 2024, a copy

of the foregoing document was served on following counsel in the manner

indicated below:

**BY FILE & SERVEXPRESS**

Matthew E. Fischer, Esq.
Jacqueline A. Rogers, Esq.
Charles R. Hallinan, Esq.
POTTER ANDERSON &
CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)

# Exhibit V

**EFiled: Jul 25 2024 04:21PM EDT**
**Transaction ID 73802473**
**Case No. N24C-06-263 SKR CCLD**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| FINANCIALRIGHT CLAIMS GMBH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. N24C-06-263 SKR CCLD |
| BURFORD GERMAN FUNDING | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF WITHDRAWAL OF MOTION TO
## EXTEND TIME TO RESPOND TO COMPLAINT

Please take notice that Defendant Burford German Funding LLC, through its

undersigned counsel, hereby withdraws its Motion to Extend Time to Respond to

Complaint (D.I. 5).

OF COUNSEL:

Derek T. Ho
Travis G. Edwards
Eliana Margo Pfeffer
Dustin G. Graber
KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
tedwards@kellogghansen.com
epfeffer@kellogghansen.com
dgraber@kellogghansen.com

Dated: July 25, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Kevin P. Rickert*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Kevin P. Rickert (No. 6513)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com
krickert@ycst.com

*Attorneys for Defendant Burford German
Funding, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin P. Rickert, Esquire, hereby certify that on July 25, 2024, a copy

of the foregoing document was served on following counsel in the manner

indicated below:

### <u>BY FILE & SERVEXPRESS</u>

Matthew E. Fischer, Esq.
Jacqueline A. Rogers, Esq.
Charles R. Hallinan, Esq.
POTTER ANDERSON &
CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899

*/s/ Kevin P. Rickert*
Kevin P. Rickert (No. 6513)