# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| FINANCIALRIGHT CLAIMS GMBH, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 24- 929-CFC |
| | ) |
| v. | ) |
| | ) |
| BURFORD GERMAN FUNDING LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF FINANCIALRIGHT CLAIMS GMBH'S
## MOTION FOR REARGUMENT AND/OR RECONSIDERATION

OF COUNSEL:

Jeffrey A. Rosenthal (*pro hac vice*)
Lina Bensman (*pro hac vice*)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000
jrosenthal@cgsh.com
lbensman@cgsh.com

Dated: August 25, 2025

Matthew Fischer (No. 3092)
Jacqueline A. Rogers (No. 5793)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market St.
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
mfischer@potteranderson.com
jrogers@potteranderson.com

*Counsel for Plaintiff financialright claims GmbH*

## **TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD | 3 |
| III. | ARGUMENT | 3 |
| | a. Controlling Precedent Required the Court to Look to FRC's Opposition and Supporting Documents | 3 |
| | b. FRC Sufficiently Challenged the Delegation Provision of the CPA | 5 |
| IV. | CONCLUSION | 9 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*BP Amoco Chem. Co. v. Sun Oil Co.*,
    200 F. Supp. 2d 429 (D. Del. 2002) .......................................................... 3

*Butler v. BTC Foods, Inc.*,
    2014 WL 336649 (E.D. Pa. Jan. 30, 2014) ............................................... 7–8

*Davis v. Solid Waste Servs., Inc.*,
    20 F. Supp. 3d 519 (E.D. Pa. 2014) .......................................................... 8

*Elgert v. Siemens Indus.*,
    2019 WL 3976409 (E.D. Pa. Aug. 22, 2019) ........................................... 3

*Greatbatch Ltd. v. AVX Corp.*,
    179 F. Supp. 3d 370 (D. Del. 2016) .......................................................... 1

*Guidotti v. Legal Helpers Debt Resol., LLC*,
    716 F.3d 764 (3d Cir. 2013) ..................................................................... 2

*Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*,
    2016 WL 4770244 (D. Del. Aug. 12, 2016) ............................................. 7

*MacDonald v. CashCall, Inc*,
    883 F.3d 220 (3d Cir. 2018) ..................................................................... 1, 3–4

*Matsuda v. Wada*,
    101 F. Supp. 2d 1315 (D. Haw. 1999) ...................................................... 7

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) ..................................................................... 3

*Metcalf v. Bay Ferries Ltd.*,
    937 F. Supp. 2d 147 (D. Mass. 2013) ....................................................... 7

|  | **Page(s)** |
|---|---|
| *Mobilificio San Giacomo S.p.A v. Stoffi*, 1998 WL 125534 (D. Del. Jan. 29, 1998) | 7 |
| *Powell v. Profile Design LLC*, 838 F. Supp. 2d 535 (S.D. Tex. 2012) | 7 |
| *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010) | 3–4 |
| *Rice v. Wells Fargo Bank, Nat'l Ass'n*, 2025 WL 1435632 (E.D. Pa. May 19, 2025) | 4 |

**Rules and Statutes**

| | |
|---|---|
| 28 U.S.C. § 1746 | 6 |
| D. Del. LR 7.1.5 | 1 |

Pursuant to District of Delaware Local Rule 7.1.5, Plaintiff financialright claims GmbH ("**FRC**") respectfully moves the Court for reargument or reconsideration of the August 11, 2025 Memorandum Opinion granting Defendant Burford German Funding LLC's ("**Burford**") Motion to Compel Arbitration and to Stay Further Proceedings Pending Arbitration (the "**Decision**"), D.I. 39.

## I.     INTRODUCTION

FRC files this motion because there is "a need to correct a clear error of law" with respect to the Decision. *Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 379 (D. Del. 2016) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  In such circumstances, the high bar set by Rule 7.1.5 is met, and reargument or reconsideration should be granted.  *See* D. Del. LR 7.1.5(a).

While "[a] party contesting the enforceability of a delegation clause must 'challenge[] the delegation provision specifically[,]'" Decision at 8 (quoting *MacDonald v. CashCall, Inc*, 883 F.3d 220, 226 (3d Cir. 2018)), *MacDonald* further provides that "[t]o do so, the party must at least <u>reference the provision in its opposition to a motion to compel arbitration</u>." *MacDonald v. CashCall, Inc*, 883 F.3d 220, 226 (3d Cir. 2018) (emphasis added).  Thus, the question is not whether FRC contested the delegation clause in its Complaint, but whether FRC did so in its opposition to the motion to compel.  FRC plainly and indisputably did.  *See* Pl.'s

Answering Br. in Opp'n to Def.'s Mot. to Compel Arbitration ("**Opp.**" or "**Opposition**"), D.I. 34 at 7–14. Therefore, *MacDonald* requires the Court to consider the validity of that clause, and *Guidotti* requires the Court to deny Burford's motion to compel arbitration.

FRC argued, and the Court agreed, that the Complaint challenged the arbitration provision on its face. Decision at 10. Accepting as true the facts stated in the pleadings, the question of whether Burford fraudulently induced FRC's assent to the arbitration provision, as pleaded on the face of the Complaint, should be decided by the Court. *Guidotti* is clear that it is possible—and prudent under the FAA—for a Complaint to survive a motion to compel arbitration on a 12(b)(6) standard: "In those circumstances, '[t]he question to be answered . . . becomes whether the assertions of the complaint, given the required broad sweep, would permit adduction of proofs that would provide a recognized legal basis' for <u>rejecting the affirmative defense</u> [of arbitrability]." *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 774 (3d Cir. 2013) (emphasis added) (cleaned up).

FRC respectfully submits that the Decision's failure to consider the allegations in FRC's Opposition was a clear error, such that the Order compelling arbitration and staying the proceedings should be reconsidered and Burford's motion to compel arbitration denied.

## II. LEGAL STANDARD

The purpose of a motion for reargument or reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). A court should grant a motion for reconsideration if it overlooked certain issues that "might reasonably have resulted in a different conclusion." *Elgert v. Siemens Indus.*, 2019 WL 3976409, at *5 (E.D. Pa. Aug. 22, 2019); *see also BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 435 (D. Del. 2002) (granting reconsideration where the Court "overlooked" a portion of the party's argument).

## III. ARGUMENT

### a. Controlling Precedent Required the Court to Look to FRC's Opposition and Supporting Documents.

The Court based its Decision solely on the contents of FRC's Complaint.[1] But the Third Circuit directs that the Court must look at the opposition to the motion to compel arbitration when assessing a challenge to a delegation provision.

*MacDonald*, a Third Circuit case decided after *Guidotti*, does not endorse the district court considering solely the complaint.[2] Instead, the Third Circuit held that

---

[1] Decision at 10 ("Because FRC has not specifically challenged that delegation in its Complaint, I will compel FRC to arbitrate its dispute with BGF about the validity of the Arbitration Agreement.").

[2] *See MacDonald*, 883 F.3d at 226 ("A party contesting the enforceability of a delegation clause must 'challenge[ ] the delegation provision specifically.' *Rent-A-*

3

"explicit references to the delegation clause," including allegations in the opposition brief that the clause suffered from the same defect as the arbitration provision, were "sufficient to contest" the delegation clause and enable the court to assess its enforceability. *Id*. at 227. Third Circuit and Supreme Court precedent follows the same approach.[3]

An in-circuit case decided after the parties briefed this matter lays this issue out clearly. In *Rice v. Wells Fargo Bank, Nat'l Ass'n*, the court analyzed a challenge to a delegation provision raised solely in an opposition to a motion to compel arbitration, finding that the allegation that the delegation provision was illusory was sufficient to warrant the court's review. 2025 WL 1435632, *6 (E.D. Pa. May 19, 2025). There, the complaint did not mention either the delegation or arbitration provisions; this is not surprising—a delegation or arbitration provision will not

---

*Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70, 72 (2010). To do so, the party must at least reference the provision in its opposition to a motion to compel arbitration. *See Rent-A-Ctr.*, 561 U.S. at 72 (finding no specific challenge to a delegation clause where, among other things, the party's opposition brief 'nowhere . . . even mention[ed] the delegation provision.')") (cleaned up).

[3]   *See* Opp. at 8–9 n.3 (collecting cases). In this footnote, FRC argued that the Court should look to its argument within the opposition brief and supporting materials "[t]o the extent the Court finds the Complaint insufficiently clear on this issue." Opp. at 8 n.3. This did not mean that the Court must first find the Complaint unclear to consider the arguments made in Opposition, but rather that if the Court found that the Complaint alone did not clearly satisfy it that FRC was challenging the delegation clause, it should look to its opposition brief and supporting material where such challenge was indisputably set forth. This is because a challenge in **either** the Complaint or the Opposition is sufficient under *MacDonald*.

4

always be the subject of the plaintiff's claims. The issue of arbitrability does not become live unless the defendant moves to compel arbitration; the plaintiff then has the right to rebut that motion by challenging the validity of the delegation provision in its opposition, which is sufficient to trigger the court's obligation to decide the issue.

Here, the Court was required to apply the *MacDonald* court's analysis and determine whether FRC challenged the delegation provision in the Opposition.

### b. FRC Sufficiently Challenged the Delegation Provision of the CPA.

Looking to FRC's Opposition, as *MacDonald* requires, leaves no doubt that FRC specifically challenged the delegation provision of the CPA's arbitration provision. *See* Opp. at 7–14 (setting out "FRC['s] Challenge[ to] the Delegation Agreement"). Indeed, the Court acknowledged in its Decision that FRC's Opposition challenged the delegation provision.[4]

Not only is the delegation-specific challenge that the Court found lacking in FRC's Complaint indisputably in the Opposition, but it also appears in the Supplemental Declaration of FRC's former Managing Director, Sven Bode, attached to the Opposition. *See* Suppl. Decl. of Sven Bode in Supp. of FRC's Opp'n to BGF's

---

[4] *Compare* Decision at 8 (citing FRC's specific challenges to the CPA's delegation provision in its Opposition) *with* Decision at 9 (holding that "FRC, however, did not specifically challenge *in the Complaint* the first sentence of the Arbitration Agreement [containing the delegation provision]" (emphasis added)).

Mot. to Compel Arbitration and Stay Proceedings (the "**Declaration**," or "**Bode Decl.**"), D.I. 35, at ¶ 5.  In the Declaration, Dr. Bode explained that but for Burford's fraudulent concealment, FRC "would not have allowed an arbitrator to be the person who decides whether or not we can go to court and significantly delay our ability to obtain judicial relief even if the arbitrator agreed with us." *Id.*

The Court "did not consider the Bode Declaration in deciding the pending motion" for two reasons: first, because the Court "did not find the Complaint lacking in clarity in any relevant respect"; second, because the Court concluded that "the declaration does not comply with [28 U.S.C.] § 1746." Decision at 6 n.1.

But, as discussed above, *MacDonald* required the Court to look at FRC's Opposition, regardless of what allegations were or were not included in the Complaint.  And furthermore, while the Declaration was not necessary for the Court to find that FRC sufficiently challenged the delegation clause given the challenge contained in the Opposition, the Declaration met the requirements of § 1746, which requires only "substantial[]" compliance for declarations executed abroad, as this one was.  *See* 28 U.S.C. § 1746 (requiring declarations to be made "in substantially the following form . . . ").  The Declaration begins by stating that it is submitted pursuant to § 1746—thereby implicitly adopting its requirements—and stated at the end, "I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge." Bode Decl. at 3.  Although the Declaration did not expressly

6

include the words "under the laws of the United States," courts within and outside of this District have consistently found, in considering wording nearly identical to that of the Declaration, that explicit reference to the laws of the United States is not required for substantial compliance with § 1746(1), provided that the declaration is sworn under penalty of perjury and the application of United States law is clear from context (for example, the inclusion of a United States case caption). *See*, *e.g.*, *Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, 2016 WL 4770244, at *26 n.23 (D. Del. Aug. 12, 2016) (Burke, M.J.), *R. & R. adopted*, No. 15-cv-819-LPS, D.I. 185 (D. Del. Sep. 29, 2016) (rejecting plaintiffs' argument that a declaration executed in the United Kingdom under § 1746(1) should be stricken because the declaration failed to recite that it was made "*under the laws of the United States of America*" and collecting cases).[5] FRC is aware of no other case in which

---

[5]   *See also Powell v. Profile Design LLC*, 838 F. Supp. 2d 535, 540 (S.D. Tex. 2012) (same, and explaining that where the "heading [of the declaration] contains the style of the case, meaning that [the declarant] knew he was making his Declaration under the laws of the United States," that is sufficient); *Metcalf v. Bay Ferries Ltd.*, 937 F. Supp. 2d 147, 149 (D. Mass. 2013) (holding that the omission of the phrase "under the laws of the United States" does not render a declaration invalid under § 1746(1) unless there is an indication of "bad faith on the part of [the declarant]"); *Matsuda v. Wada*, 101 F. Supp. 2d 1315, 1322–23 (D. Haw. 1999) ("[A]lthough the statute includes the language 'under the laws of the United States of America,' the Court finds that this is not a rigid requirement."); *Mobilificio San Giacomo S.p.A v. Stoffi*, 1998 WL 125534, at *9 n.7 (D. Del. Jan. 29, 1998) (declaration signed outside the U.S. "substantially conform[ed]" with § 1746(1) even though its "wording . . . differ[ed] from that set forth in [the statute]"); *Butler v. BTC Foods, Inc.*, 2014 WL 336649, at *4 n.2 (E.D. Pa. Jan. 30, 2014) ("While it is perhaps

the omission of the phrase "under the laws of the United States" was the basis for finding no substantial compliance with § 1746(1).[6]

At most, the omission of an explicit reference to the laws of the United States is a technical error that has not been adopted by any court as a basis to reject a declaration. Burford raised this issue only in a footnote in Reply (to which FRC had no opportunity to respond), citing no authority for the proposition that this error is dispositive. Def.'s Reply Br. in Supp. of Def.'s Mot. to Compel Arbitration and To Stay Further Proceedings Pending Arbitration, D.I. 36, at 5 n.2. If the Court finds this to be a dispositive issue that leads to the granting of relief to Burford that would otherwise be rejected, FRC respectfully submits that manifest justice requires the Court to allow FRC to refile the declaration in the proper form.

Because both FRC's Opposition and the Declaration specifically alleged fraud as to the delegation provision of the CPA (either of which would have been sufficient), rather than solely as to the arbitration agreement as a whole, FRC

---

misguided that Plaintiff, who is represented by experienced counsel, failed to simply recite the language from 28 U.S.C. § 1746[], his declaration still complied with the statute, by making clear, in substantially similar language, that his statement was made under penalty of perjury.").

[6]   To the contrary, courts have found no substantial compliance with § 1746 only where the declaration was unsigned, or contained little to no language even resembling that in the statute. *See, e.g., Davis v. Solid Waste Servs., Inc.*, 20 F. Supp. 3d 519, 530 (E.D. Pa. 2014), *aff'd*, 625 F. App'x 104 (3d Cir. 2015) (declarations were invalid where they did "not even include a statement that their contents are based upon the personal knowledge of the declarant").

8

adequately challenged the delegation provision under *MacDonald*, and the Court erred by confining its analysis to FRC's Complaint.

## IV. CONCLUSION

For the above reasons, FRC respectfully requests that the Court grant reargument or reconsideration of Burford's Motion to Compel Arbitration and deny the motion or, in the alternative, grant limited discovery under *Guidotti*.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ Jacqueline A. Rogers*<br>Matthew Fischer (No. 3092)<br>Jacqueline A. Rogers (No. 5793)<br>Hercules Plaza<br>1313 N. Market St.<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>mfischer@potteranderson.com<br>jrogers@potteranderson.com |
| Jeffrey A. Rosenthal (*pro hac vice*)<br>Lina Bensman (*pro hac vice*)<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br>jrosenthal@cgsh.com<br>lbensman@cgsh.com | *Counsel for Plaintiff financialright claims GmbH* |
| Dated: August 25, 2025 |  |