## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINANCIALRIGHT CLAIMS GMBH, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 24-00929-CFC |
| BURFORD GERMAN FUNDING LLC, | ) ) | |
| Defendant. | ) | |

### DEFENDANT BURFORD GERMAN FUNDING LLC'S RESPONSE IN OPPOSITION TO MOTION FOR REARGUMENT AND/OR RECONSIDERATION

OF COUNSEL:

Derek T. Ho
Minsuk Han
Travis G. Edwards
Eliana Margo Pfeffer
KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
(202) 326-7900
dho@kellogghansen.com
mhan@kellogghansen.com
tedwards@kellogghansen.com
epfeffer@kellogghansen.com

Dated: September 8, 2025

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Counsel for Burford German Funding LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

I.  LEGAL STANDARD ....................................................................... 1

II.  ARGUMENT......................................................................................... 2

    A.  No Grounds Exist for Reconsideration ................................................. 2

    B.  Reargument Is Not Warranted................................................................. 9

III.  CONCLUSION.......................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abbywho, Inc. v. Interscope Recs.*,
  2008 WL 11406034 (C.D. Cal. Jan. 7, 2008) ........................................................6

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
  2017 WL 3888228 (D. Del. Sept. 6, 2017).............................................................2

*BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429 (D. Del. 2002)..............8

*Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239 (D. Del. 1990) .....................2, 9

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385 (D. Del. 1999)................8

*Dubreus v. N. Shore Univ. Hosp.*,
  2012 WL 5879110 (E.D.N.Y. Nov. 20, 2012) ......................................................7

*Eli Lilly & Co. v. Arch Ins. Co.*,
  2017 WL 2930571 (S.D. Ind. July 10, 2017) ........................................................6

*Galindo v. City of Orange*, 2015 WL 13376564 (C.D. Cal. Apr. 30, 2015),
  *aff'd*, 678 F. App'x 559 (3d Cir. 2017) ...............................................................6

*Gonzalez (In re Est. of Del Rosario) v. Paterson Police Dep't*,
  2017 WL 1050572 (D.N.J. Mar. 20, 2017) ...........................................................9

*Intell. Ventures I LLC v. Check Point Software Techs. Ltd.*,
  215 F. Supp. 3d 314 (D. Del. 2014).................................................................1, 2

*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070 (3d Cir. 1997) ........4

*Lynch v. Jacobs ex rel. New Century Liquidating Tr.*, 2021 WL 5984897
  (D. Del. Nov. 23, 2021), *aff'd sub nom.*, *In re New Century TRS*
  *Holdings, Inc.*, 2023 WL 155449 (3d Cir. Jan. 11, 2023) ............................ 2-3, 5

*MacDonald v. CashCall, Inc.*, 883 F.3d 220 (3d Cir. 2018) ....................................5

*Marinari, In re*, 596 B.R. 809 (Bankr. E.D. Pa.) ......................................................8

*Matsuda v. Wada*, 101 F. Supp. 2d 1315 (D. Haw. 1999)........................................6

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
 176 F.3d 669 (3d Cir. 1999) ............................................................. 1-2

*Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63 (2010) ........................................... 8

*Rice v. Wells Fargo Bank, Nat'l Ass'n*,
 2025 WL 1435632 (E.D. Pa. May 19, 2025) ........................................................ 5

*Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293 (D. Del. 1998) .......................... 8

*Smith v. Burley*, 2021 WL 2936380 (D. Del. July 13, 2021) ..................................... 2

*Stairmaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.*,
 1998 WL 449682 (D. Del. July 14, 1998) ...................................................... 9, 10

*Stairmaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.*,
 25 F. Supp. 2d 270 (D. Del. 1998), *aff'd*, 232 F.3d 909 (Fed. Cir. 2000) ....... 7-8

*Sterling Fifth Assocs. v. Carpentile Corp.*,
 2003 WL 22227960 (S.D.N.Y. Sept. 26, 2003) ............................................... 6, 7

*United States v. Console*, 13 F.3d 641 (3d Cir. 1993) ............................................ 6

**RULES**

D. Del. LR 7.1.5(a) ........................................................................... 1, 2, 9

Fed. R. Civ. P. 12(b)(6) ........................................................................... 8

**STATUTES**

28 U.S.C.:

 § 1746 ............................................................................................. 6, 7

 § 1746(1) ....................................................................................... 6, 7

 § 1746(2) .......................................................................................... 7

FRC contends that the Court committed a "manifest" error of law because it evaluated whether FRC's complaint specifically challenged the delegation clause in the parties' arbitration agreement. That accusation is unfounded. FRC's own opposition brief relied on the allegations in the complaint, and invited the Court to evaluate its arguments based on them. Moreover, as BGF's briefing made clear, any new materials in the opposition brief (and the attached declaration) would not move the needle. The Court carefully and thoroughly evaluated all of FRC's arguments and concluded that FRC's consistent challenge throughout this litigation has been to the arbitration agreement as a whole, not to the delegation clause specifically. There is no basis for reconsideration or reargument of that correct conclusion.

## I.    LEGAL STANDARD

FRC has moved for "reargument or reconsideration" under District of Delaware Local Rule 7.1.5. D.I. 41 ("Mot.") at 1.

A motion for reconsideration may be granted only where there is either: "(i) an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is the need to correct a clear error of law or fact to prevent manifest injustice." *Intell. Ventures I LLC v. Check Point Software Techs. Ltd.*, 215 F. Supp. 3d 314, 321 (D. Del. 2014) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.

1999)).  Additionally, a court may not grant a motion for reconsideration if it would not result in amendment of the order at issue.  *See id.*

Motions for reargument are similarly only "sparingly granted."  D. Del. LR 7.1.5(a).  Indeed, a Rule 7.1.5 motion may be granted "*only* if" the court (i) "patently misunderstood" a party; (ii) "made a decision outside the adversarial issues presented by the parties"; or (iii) "made an error not of reasoning but of apprehension."  *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 2017 WL 3888228, at *1 (D. Del. Sept. 6, 2017) (emphasis added); *see also Intell. Ventures*, 215 F. Supp. 3d at 321.

In either event, "[m]otions for reargument or reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'"  *Smith v. Burley*, 2021 WL 2936380, at *1 (D. Del. July 13, 2021) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990)).

## II.    ARGUMENT

### A.    No Grounds Exist for Reconsideration

FRC argues that reconsideration is necessary "to correct a clear error of law."  Mot. at 1.  But the Court's decision contains no such error, much less a clear one.  A clear error of law justifying reconsideration "requires a finding that the error is plain and indisputable amounting to a complete disregard of the controlling

2

law or the credible evidence in the record." *Lynch v. Jacobs ex rel. New Century Liquidating Tr.*, 2021 WL 5984897, at *1 (D. Del. Nov. 23, 2021), *aff'd sub nom.*, *In re New Century TRS Holdings, Inc.*, 2023 WL 155449 (3d Cir. Jan. 11, 2023) (cleaned up).  FRC has made no such showing.

FRC argues (at 1, 5) that the Court legally erred in looking to its complaint rather than its opposition brief in determining whether it had specifically challenged the delegation provision.  But there is no error here — FRC's opposition explicitly and repeatedly asked the Court to find that its *complaint* specifically challenged the delegation provision.  *See*, *e.g.*, D.I. ("Opp'n") at 4 ("FRC alleges in the Complaint that it was defrauded by Burford into accepting Section 27(a) of the CPA"), 5 (arguing "[t]o eliminate any confusion" that FRC's allegations in the complaint were "narrow and targeted"), 6 (arguing that "the Complaint indisputably" challenges the delegation clause), 7-8 ("The Complaint clearly satisfies this requirement."), 8 (describing ways the complaint challenges the delegation clause), 9 (arguing that the "Complaint's allegations" are not conclusory), 10 ("The Complaint describes, in far more detail than required, that during the parties' negotiations of the CPA, Burford concealed from FRC that it had schemed with Hausfeld to evade German law restrictions on contingent fees . . . ."), 12-13 ("As *the Complaint clearly alleges*, were it not for Burford's fraud, FRC would not have agreed to arbitrate in the CPA in any way, shape, or form

. . . .” (emphasis added)).  The Court reviewed those materials, considered FRC's

argument, and rejected it because FRC "did not specifically challenge in the

Complaint the first sentence of the Arbitration Agreement," but rather merely

"challenged the validity of *the Arbitration Agreement* which . . . FRC expressly

defined as consisting of *five* sentences."  D.I. 39 ("Op.") at 9.

  FRC claims (at 4 n.3) that one footnote in its opposition presented an

alternative argument — namely, that its opposition brief and Sven Bode's

supplemental declaration themselves specifically challenged the delegation clause.

Even if FRC could preserve an argument raised only in a footnote (which it cannot,

*see John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d

Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote) . . . are

considered waived.")), that is not what the footnote in the opposition brief says.  In

that footnote, FRC itself asked the Court to review Bode's supplemental

declaration only "[t]o the extent the Court finds the *Complaint* insufficiently clear

on th[e] issue" of whether FRC would "have agreed to the relevant contractual

language but for Burford's fraud."  Opp'n at 8 & n.3 (emphasis added); *see also id.*

at 11 (characterizing the declaration as "unnecessary" and adduced only in "further

support[ ]" of the allegations in the complaint), 12 ("[T]he Complaint alleges (and

Mr. Bode's Supplemental Declaration *reiterates*) that FRC would not have agreed

to submit *any* dispute related to the CPA to arbitration had Burford disclosed that

4

GLS was invested in Burford." (first emphasis added)).  Adopting the very standard that FRC advocated, the Court looked to the complaint and found FRC's challenge clearly related to the entire arbitration agreement.  *See* Op. at 6 n.1 (declining to consider the Bode declaration as the Court "did not find the Complaint lacking in clarity in any relevant respect.").  FRC thus waived any argument that it was improper for the Court to use the complaint as the benchmark for whether it had challenged the delegation clause specifically.

FRC cites *MacDonald v. CashCall, Inc.*, 883 F.3d 220 (3d Cir. 2018) and *Rice v. Wells Fargo Bank, National Ass'n*, 2025 WL 1435632 (E.D. Pa. May 19, 2025), but those cases do not help FRC.  *Rice* is not "controlling law" and thus cannot be a basis for reconsideration.  *Lynch*, 2021 WL 5984897, at *1. *MacDonald* is controlling, but the Court did not "disregard" it.  Rather, as this Court recognized in its memorandum opinion (at 8), *MacDonald* held that "contesting the validity of an arbitration agreement as a whole, without specifically disputing the delegation clause contained therein, is not sufficient to challenge the delegation provision."  883 F.3d at 227.  Because the plaintiff *had* specifically challenged the validity of the delegation clause in both the complaint and, separately, in his opposition to the defendants' motion to dismiss, *MacDonald* concluded the district court did not err in denying the defendants' motion to compel.  *See id.*  Here, by contrast, FRC asked the Court to look to its *complaint* to

determine whether it had adequately challenged the delegation clause. To the extent FRC now says (at 3) that the Court violated a bright-line rule that courts always "must look at the opposition to the motion to compel arbitration when assessing a challenge to a delegation provision," that was *invited error*. *See United States v. Console*, 13 F.3d 641, 660 (3d Cir. 1993) (holding that a party "cannot complain on appeal of alleged errors invited or induced by himself").

In any event, FRC cannot show that the Court disregarded controlling law in concluding that it need not consider Bode's supplemental declaration because it did not comply with 28 U.S.C. § 1746. *See* Op. at 6 n.1. Indeed, contrary to FRC's assertion, courts are divided on the question. *See*, *e.g.*, *Eli Lilly & Co. v. Arch Ins. Co.*, 2017 WL 2930571, at *6 (S.D. Ind. July 10, 2017) (rejecting the reasoning of one of the cases on which FRC relies, *Matsuda v. Wada*, 101 F. Supp. 2d 1315 (D. Haw. 1999)); *Sterling Fifth Assocs. v. Carpentile Corp.*, 2003 WL 22227960, at *5 (S.D.N.Y. Sept. 26, 2003) (holding that declaration failed to comply with 28 U.S.C. § 1746(1) where it contained no statement that it was "made under penalty of perjury under the laws of the United States of America"); *Abbywho, Inc. v. Interscope Recs.*, 2008 WL 11406034, at *5 n.17 (C.D. Cal. Jan. 7, 2008) (excluding declaration made in Mexico "under penalty of perjury" for failure to include "under the laws of the United States of America"); *Galindo v. City of Orange*, 2015 WL 13376564, at *1 (C.D. Cal. Apr. 30, 2015) (same), *aff'd*, 678 F.

App'x 559 (3d Cir. 2017).  And courts have rejected FRC's argument (at 6) that referring to Section 1746 implicitly adopts its standards.  *See*, *e.g.*, *Dubreus v. N. Shore Univ. Hosp.*, 2012 WL 5879110, at *3 n.5 (E.D.N.Y. Nov. 20, 2012) ("Although the declaration references the applicable statute, it does not comply with its statutory requirements."); *Sterling*, 2003 WL 22227960, at *5.

Thus, while there is some authority for finding "substantial" compliance with Section 1746 even when the foreign declarant does not declare under penalty of perjury "under the laws of the United States," there is no *controlling* law *requiring* a district judge to credit a declaration that omits that critical phrase.  And that is no surprise:  FRC's position would effectively nullify Congress's explicit determination — reflected in the textual difference between Section 1746(1) and Section 1746(2) — that foreign declarants (unlike U.S. declarants) must specify that they subject themselves to the perjury laws "of the United States."  28 U.S.C. § 1746.

Moreover, even if the Court were to consider Bode's supplemental declaration, and interpret it as an independent challenge to the validity of the delegation clause, despite FRC's characterizations to the contrary, FRC's motion for reconsideration still faces the "fatal weakness" that Bode's declaration "would not alter the previous result reached by the Court."  *Stairmaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.*, 25 F. Supp. 2d 270, 292-93 (D. Del. 1998),

7

*aff'd*, 232 F.3d 909 (Fed. Cir. 2000); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *see also*, *e.g.*, *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). As BGF explained in its reply — and as the Court apparently credited — Bode's supplemental declaration suffers from the same flaw as the complaint: it targets the whole arbitration agreement, treating the delegation clause merely as a subpart thereof, in direct violation of *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63 (2010). *See* D.I. 36 at 10. Thus, even if the Court had considered Bode's supplemental declaration, it still would necessarily have reached the same conclusion: FRC did not specifically challenge the delegation clause as to BGF. *See In re Marinari*, 596 B.R. 809, 818 (Bankr. E.D. Pa.) ("[T]he court should only entertain a motion to reconsider, if the alleged overlooked controlling decision of law . . . was of a nature that, if considered by the Court, might reasonably have resulted in a different conclusion." (cleaned up)).

Finally, FRC cites *BP Amoco Chemical Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 435 (D. Del. 2002), for the proposition that reconsideration is warranted if a court "'overlooked' a portion of the party's argument." Mot. at 3. But in *BP Amoco*, the court entirely missed material factual allegations in a complaint, leading to dismissal under Federal Rule of Civil Procedure 12(b)(6). *See* 200 F. Supp. 2d at 435. Those factual oversights led the court to reconsider its own dismissal. *See id.* Here, by contrast, the Court overlooked nothing. It addressed

(at 6 n.1) the very argument FRC makes here, and explained why Bode's supplemental declaration did not move the needle. That is disagreement, not disregard. And disagreement is no basis for reconsideration. *See Gonzalez (In re Est. of Del Rosario) v. Paterson Police Dep't*, 2017 WL 1050572, at *1 (D.N.J. Mar. 20, 2017) ("When a matter was considered by the Court, it was not 'overlooked.' . . . Disagreement with a court's analysis fails to establish a basis for reconsideration." (cleaned up)).

### B.    Reargument Is Not Warranted

FRC has also made no showing that it is entitled to reargument under Local Rule 7.1.5. FRC has not even argued that the Court's memorandum opinion met any of the three mandatory criteria for reargument under Rule 7.1.5 — that the Court "patently misunderstood a party," "made a decision outside the adversarial issues presented to the Court by the parties," or "made an error not of reasoning but of apprehension." *Brambles*, 735 F. Supp. at 1241 (citations omitted). Local Rule 7.1.5's requirement of "[m]isapprehension by the Court" applies only "where the Court *applies the wrong law*." *Stairmaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.*, 1998 WL 449682, at *2 (D. Del. July 14, 1998) (emphasis added). "It is not an opportunity for a party to get a second bite at the apple by arguing legal points not originally asserted." *Id.*

At any rate, even if it were properly presented, FRC's motion for reargument fails for the same reasons articulated above. The Court did not misapprehend or ignore FRC's arguments, or stray beyond the issues presented by the parties. FRC simply disagrees with the Court's conclusion. But "[w]hether [FRC] agrees or disagrees with this analysis is besides the point. Disagreement cannot serve as a basis for reargument." *Stairmaster Sports*, 1998 WL 449682, at *3.

## III.    CONCLUSION

In sum, BGF respectfully requests that FRC's motion for reconsideration and/or reargument be denied.

Dated:  September 8, 2025

OF COUNSEL:                          YOUNG CONAWAY STARGATT
                                       & TAYLOR, LLP

                                     /s/ *Anne Shea Gaza*
Derek T. Ho                          Elena C. Norman (No. 4780)
Minsuk Han                           Anne Shea Gaza (No. 4093)
Travis G. Edwards                    Samantha G. Wilson (No. 5816)
Eliana Margo Pfeffer                 Rodney Square
KELLOGG, HANSEN, TODD,               1000 North King Street
   FIGEL & FREDERICK, P.L.L.C.       Wilmington, Delaware 19801
1615 M Street NW                     (302) 571-6600
Suite 400                            enorman@ycst.com
Washington, DC 20036                 agaza@ycst.com
(202) 326-7900                       swilson@ycst.com
dho@kellogghansen.com
mhan@kellogghansen.com
tedwards@kellogghansen.com
epfeffer@kellogghansen.com           *Counsel for Burford German Funding LLC*

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| FINANCIALRIGHT CLAIMS GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-00929-CFC |
| v. | ) | |
| | ) | |
| BURFORD GERMAN FUNDING LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATION OF COMPLIANCE
## WITH TYPE, FONT, AND WORD LIMITATIONS

This brief complies with the Court's Standing Order Regarding Briefing in All Cases. It has been prepared in Times New Roman 14-point type, and contains 2,301 words, exclusive of case caption, tables, and signature block, which were counted by Microsoft Word.

1

Dated:  September 8, 2025

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

/s/ *Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Counsel for Burford German Funding LLC*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 8, 2025, I caused copies of the foregoing

document to be served upon the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>:**

Matthew E. Fischer
Jacqueline A. Rogers
Nicole K. Pedi
POTTER ANDERSON &
CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
mfischer@potteranderson.com
jrogers@potteranderson.com
npedi@potteranderson.com

Jeffrey A. Rosenthal
Lina Bensman
Patrick Swiber
Nicholas Maisel
Maria E. Manghi
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
jrosenthal@cgsh.com
lbensman@cgsh.com
pswiber@cgsh.com
nmaisel@cgsh.com
mmanghi@cgsh.com

*Counsel for Plaintiff*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Counsel for Burford German Funding LLC*